## THE PEOPLE ex rel. FINLAY v. JEWETT.

The Governor of this State cannot remove from office a notary duly appointed, before his full term of office has expired.

The provision of the Constitution giving to the appointing power the right of removal at pleasure of incumbents, the duration of whose term is not provided for by the Constitution or declared by law, must be construed to deny the right of removal in those cases where the tenure is defined.

APPEAL from the District Court of the Fourth Judicial District.

This was an application by Joseph W. Finlay for a peremptory *mandamus*, directed to W. C. Jewett, commanding him to surrender to Finlay, as his successor in office, his record and official papers as a notary public. The agreed statement shows, that on April 3d, 1856, Jewett was duly appointed and commissioned as a notary public, in and for the county of San Francisco, in the place of C. Dickinson resigned; that on April 25th, 1856, the Governor of the State signed and delivered to Finlay a commission and appointment as notary public in and for said county, concluding with the words, " in place of W. C. Jewett, removed by me;" that on the day following, Finlay demanded of Jewett his record and official papers as notary, which Jewett refused to deliver on the ground that he was a notary public, and held his office for the term of two years from the date of his appointment, which term was then unexpired, and that the Governor had no power to remove him; and that the number of notaries fixed by law for said county is twenty, but that if Jewett and Finlay are both notaries, the number, including the other notaries holding office, would be twenty-one.

The Court below denied the application, and Finlay appealed.

*H. S. Foote* for Appellant.

*H. P. Hepburn and Crockett & Page* for Respondent.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

The first section of an Act concerning notaries public, passed April 30, 1853, provides that " the Governor shall have power to appoint and commission notaries public, etc., etc., who shall hold office for two years, and until their successors are appointed and qualified."

The case under consideration presents the single question, whether the Governor of this State can remove from office a notary appointed under the provisions of this Act, before his full term has expired.

In considering this question, it is to be borne in mind, that the Constitution of this State is a limitation upon the powers of the legislature, and a grant of power to the other branches of the government, and that neither the judiciary nor executive can exercise any other than those

delegated, or which, by express implication, are necessary to carry into effect the granted powers.

It is a familiar principle in law, that the major includes the minor, and that the power that creates, can abolish or destroy, in the absence of constitutional restrictions; and this principle has been adopted and applied to the political workings of both the State and National Governments.

At an early period in the history of our government, the doctrine of removal, at least where it was sought to be extended to appointments made by and with the advice and consent of the Senate, was questioned, and only maintained by a majority of fourteen in the House, and the casting vote of the Vice President in the United States Senate. "That the final decision of this question," says Justice Story, "was greatly influenced by the exalted character of the President then in office, was asserted at the time, and has always been believed."

It will be observed that the Constitution of the United States contains no limitation on the power of removal, and it might well have been considered that the exercise of this power by the Federal Executive, was necessary to a complete execution of the laws, particularly in cases where relations of confidence and trust existed between himself and his subordinates. But in cases where Congress has created the office and defined the term, it has been held, that the incumbent could not be removed at the pleasure of the Executive, for the obvious reason, that having power over the subject matter, they could designate in what manner it should be exercised. This principle was settled in the case of Morbury v. Madison, 1 Cranch, in which it was held, that the Act creating justices of the peace for the District of Columbia, having fixed the term at five years, it was beyond the power of the President to remove such justices during their term.

The principle was afterwards affirmed by Mr. Justice McLean, in the case of The United States v. Guthrie, 17 Howard. Since that time the Senate of the United States have, by resolution, affirmed the power of the President to remove a territorial judge from office, where the duration of his term was fixed by Act of Congress, but on what ground, it does not appear from the journals.

But turning from these cases, in which there was no constitutional limitation, it will be found, that similar questions have arisen in the State Courts, which have been uniformly decided against the power where limited by the organic law of those States.

In the case of Page v. Hardin, 8 B. Munroe, the Supreme Court of Kentucky held, that the Constitution having provided that a secretary of State "should be appointed and commissioned during the term for which the Governor was elected, if he shall so long behave himself well," the term thereby became fixed, and the Governor had no right to remove him. See also Avery v. The Inhabitants of Framingham, 3 Mass., 177, and Lehman v. Sutherland, 3 Sergeant & Rawle, 145. In the latter case, the learned Judge uses the following language: "That the Legislature, possessing this power of appointment to offices local in

their nature, created by law, submitting to the Governor the appointments, may restrain the power of removal, and modify the tenure of the office, cannot, I think, be justly questioned. The power granted by the Constitution to the Governor to appoint, necessarily carries with it, in all offices where the tenure is during pleasure, the incidental power of removal. But when the duration of the office is fixed by the law creating it, and where there is a provision for removal during the time limited for the continuance in office, it would seem to me that the officer is not removable, except in the manner prescribed by the law. This incidental power of removal is not expressly given by the Constitution, and it extends only by necessary implication to such offices as the Governor possesses exclusively the power of appointment to, under the Constitution, or the power is granted to him by the law creating the office, where there is no restriction on the power of removal."

The Supreme Court of Illinois has gone further, and decided in Field v. The People, 2 Scam., 79, "that when the Constitution creates an office, and leaves the tenure undefined and unlimited, the officer holds during good behavior, and until the Legislature by law limits the tenure to a term of years, or authorizes some functionary of the government to remove the officer at will, or for good cause."

The soundness of this decision may be questioned, but I apprehend that there can be no doubt that the power of removal by the executive of this State has been circumscribed, and can only exist in the cases enumerated in the Constitution, section 7, Article XI, which provides as follows: "Where the duration of any office is not provided for by this Constitution, it may be declared by law, and if not so declared, such office shall be held during the pleasure of the authority making the appointment; nor shall the duration of any office, not fixed by this Constitution, exceed four years." The obvious meaning of which is, that in those offices the term of which is not fixed by law, the incumbent may be removed at the pleasure of the appointing power; but where the tenure is defined, then the officer shall hold for his full term. The language, "where the duration is not provided by law, shall hold at the pleasure of the authority making the appointment," is to be taken in a negative sense, when the duration has been provided, and the rule *expressio unius est exclusio alterius* must govern.

Whatever doubt may exist as to the propriety of the decision of Morbury v. Madison, or the rule of construction adopted by the United States Senate, it is clear in the case before us, that the framers of our Constitution have in express terms provided a mode in which the executive of the State shall be divested of the power of removal from office, as an incident to the appointing power; but whether this provision was wise or politic, it is unbecoming for us to say.

Judgment affirmed.