## THE STATE *v.* SMITH.

STATUTE CONSTRUED.—*House of Refuge.*—Under section 13 of "An act to establish a house of refuge," etc., 1 R. S. 1876, p. 545, which provides that, as to infants under sixteen years of age, arraigned for trial on a charge of violating any criminal law of this State, " the judge may, with the consent of the accused, arrest at any stage of the case, any further proceedings on the part of the prosecution," and commit the accused to the house of refuge, it is not too late to commit to the house of refuge, after the jury has returned a verdict of guilty, and motions for a new trial and in arrest of judgment have been overruled.

STATUTORY CONSTRUCTION.—*Repeal of Statute.*—Where there is irreconcilable conflict between the provisions of statutes of different dates, the statute of the latest date must prevail, being the last expression of the legislative will.

SAME.—Where the provisions of different statutes appear to conflict, that construction will be adopted which will allow both to stand, if possible.

SAME.—*Statute Construed.*—There is no conflict between section 13 of the act to establish a house of refuge, as above construed, and section 122 of the act approved June 17th, 1852, in regard to criminal pleading and practice, 2 R. S. 1876, p. 372.

From the Shelby Circuit Court.

*C. A. Buskirk,* Attorney General, and *W. S. Ray,* Prosecuting Attorney, for the State.

BIDDLE, C. J.—The appellee was indicted for the mur-

der of James Davidson, and, under the indictment, convicted of manslaughter, and his punishment assessed at imprisonment in the state-prison for two years.

Motions for a new trial and in arrest of judgment were made in his behalf, and overruled. He excepted, and filed his bill of exceptions. The State then moved for judgment on the verdict; the motion was overruled, and exception reserved.

At this stage of the proceedings, the appellee filed his petition to the court, showing that he was under the age of sixteen years, and other necessary facts, and praying to be committed to the house of refuge for juvenile offenders. The court granted his petition, and adjudged, that he be committed to the house of refuge for juvenile offenders, until he shall arrive at the age of twenty-one years, unless sooner discharged according to law.

No question is made but that the appellee was a proper subject for the house of refuge, if the court had the power, at that stage of the proceedings, to send him there; but the State insists, that the court, under the law, had no such power, after the appellant had submitted himself to a trial, and a verdict of guilty had been returned against him   The court based its proceeding on section 13, 1 R. S. 1876, p. 545, of the act to establish a house of refuge, which section reads as follows:

" Sec. 13.   If any infant under the age of sixteen years shall be arraigned for trial in any court having criminal jurisdiction, on a charge of any violation of any criminal law of this State, the judge may, with the consent of the accused, arrest at any stage of the cause, any further proceedings on the part of the prosecution, and commit the accused to the guardianship of the institution."

The State cites section 122, 2 R. S. 1876, p. 406, which enacts, that " After verdict of guilty, or finding of the court, against the defendant, if the judgment be not arrested, or a new trial granted, the court must pronounce judgment;" and insists, that the court had no discre-

tionary power to refuse judgment on the verdict, and commit the appellee to the house of refuge. Should there be found any irreconcilable conflict between sections 13 and 122 above cited, the former, being the later expression of the legislative will, would govern the latter; but we perceive no such conflict. In cases of this kind, if we were to give effect to section 122, to the exclusion of section 13, we should thereby annul the effect of the latter section; but, by giving effect to section 13, we do not annul the force of the former section; thus, we construe them together, and give effect to both. This is the plain rule of construction in harmonizing statutes which appear to conflict.

Section 13 gives the power to the judge to arrest, at any stage of the cause, any further proceedings on the part of the prosecution, and commit the accused, on a proper case made, to the house of refuge.

The proceedings are still *in fieri*, notwithstanding a verdict of guilty had been returned, and a motion for a new trial and a motion in arrest of judgment had been overruled. The case was still pending, and would have remained pending until final judgment had been pronounced upon the verdict by the court.

There is no error in the proceedings.

The judgment is affirmed.