THE STATE, EX REL. BARNETT, *v.* THE CITY OF NOBLESVILLE ET AL.

[No. 19,292.    Filed May 28, 1901.]

STATUTES. — *Repeal by Implication.* — Repeals by implication are recognized only when the earlier and later acts are repugnant to, or irreconcilable with, each other. *p. 34.*

MUNICIPAL CORPORATIONS.—*Removal of City Officer by Common Council.*—The act of 1867 (§3101 R. S. 1881) authorizing the common council of any city by a two-thirds vote of its members to remove a city officer for any offense against the character or duty of his office, is not repealed by implication by the act of 1875 (§6012 R. S. 1881) which provides for the removal of public officers for drunkenness upon complaint being filed in the circuit court by any citizen, or by the act of 1897 (§§8108u-8108gl Burns 1901), which provides for the impeachment and removal of such officers upon accusations in writing by the grand jury. *pp. 34-36.*

State, *ex rel.*, *v.* City of Noblesville.

MUNICIPAL CORPORATIONS—*Ordinance.*—*Publication.*—An ordinance which prescribes only the manner in which charges of official misconduct shall be preferred, the notice to be given, and the mode of hearing the evidence, is not penal, nor does it impose a forfeiture; and therefore its publication is unnecessary. *p. 36.*

SAME.—*Removal of City Officer.*—*Oath of Mayor and Council.*—In the removal of a city officer, under §3101 R. S. 1881, the mayor and common council of a city act under their official oaths, and need not be specially sworn. *p. 37.*

From Hamilton Circuit Court; *Theodore P. Davis,* Special Judge.

Mandamus by the State, on the relation of Frank Barnett, against the city of Noblesville, to compel defendant to reinstate relator to the office of city marshal. From a judgment in favor of defendant, relator appeals. *Affirmed.*

*Geo. Shirts* and *W. R. Fertig,* for appellant.

*I. W. Christian, W. S. Christian* and *E. E. Cloe,* for appellees.

DOWLING, J.—Application for a writ of mandate to compel the city of Noblesville and its common council to restore the relator to the office of marshal of said city. Alternative writ issued. Demurrers to complaint and to alternative writ sustained. Judgment for appellees. Errors are assigned upon these decisions.

The complaint alleges that the relator, Barnett, was elected and duly qualified as marshal of the city of Noblesville for the term of four years from September, 1898; that he entered upon the duties of his said office, and continued to act as such marshal until prevented by the appellees; that on June 5, 1899, the common council passed an ordinance providing for the summary impeachment of city officers before that body after notice to the accused; that said ordinance was not published in any newspaper until after the commencement of the proceedings against the relator; that on the night said ordinance was passed, an affidavit was filed with said common council charging that the relator, on June 1, 1899, had appeared upon the streets of said city

in such a state of intoxication as prevented him from performing the duties of his said office; that on the same night the city clerk and mayor were directed to notify the relator to appear before the common council on June 9, 1899, to answer said charge; that, at the time fixed, the relator appeared, and moved to dismiss the proceedings; that his motion was overruled, and the hearing took place; that neither the mayor nor any member of the common council was sworn to try said cause; that at the conclusion of the investigation the relator again moved to dismiss the proceeding, but without avail; that, on June 10, 1899, the common council decided that the charges were sustained, and the mayor thereupon declared the relator expelled and removed from his office of marshal; and that these proceedings were afterwards approved by the common council at its regular session held June 12, 1899. The complaint further shows that at said session the police board was authorized to choose a successor for the relator in said office; that the relator denies the validity of said proceedings, and has refused to surrender his said office, but that he is wrongfully deprived of the same by the appellees by virtue of the proceedings aforesaid. Prayer for a writ of mandate to restore the relator to his office as marshal.

The general act for the incorporation of cities expressly authorized the common council to expel or remove any city officer by a two-thirds vote of the whole number of councilmen elected; and required the common council to make provision in their by-laws, or ordinances, for the mode of presenting charges and the hearing of the same. Acts 1867, p. 75, §88; §3101 R. S. 1881; §3536 Burns 1894.

In 1875 the legislature enacted a statute declaring that any person holding any office under the Constitution or laws of this State, who should voluntarily become intoxicated, within the business hours of his office, or should be in the habit of being intoxicated by the use of intoxicating liquors,

should forfeit his office, and be removed therefrom, upon the complaint of any citizen filed in the circuit court of the county in which such officer resided. The act prescribes the form of procedure, and the character of the judgment to be rendered. Acts 1875, p. 91; §6012 R. S. 1881; §8088 Burns 1894. By another act, which took effect March 8, 1897, provision was made for the impeachment and removal of any district, county, township, or municipal officer, justice of the peace, or prosecuting attorney, upon accusation in writing by the grand jury. Acts 1897, p. 280, §§21-33.

The common council of the city of Noblesville proceeded under the provisions of §88 of the act of 1867, *supra,* and the appellant insists that this section was repealed by the acts of 1875 and 1897, *supra,* and that the action of the common council was therefore unauthorized and void. The question of the power of the common council to remove the relator is properly presented by his application for a writ of mandamus. §1168 R. S. 1881, §1182 Burns 1894; *City of Madison* v. *Korbly,* 32 Ind. 74; *Swindell* v. *State, ex rel.,* 143 Ind. 153, 35 L. R. A. 50.

It is said that one of the common law incidents of all corporations is the power to remove a corporate officer from his office for just and reasonable cause. *King* v. *Richardson,* 1 Burr. 517; 2 Kyd on Corp., p. 62; Beach on Pub. Corp., §191.

In the case at bar it is claimed that §88 of the act of 1867, *supra,* was repealed by implication. Therefore, it is incumbent on the appellant to show that §88 is inconsistent with some provision of one of the later enactments, or that it has been superseded by them. This, we think, he has wholly failed to do. Repeals by implication are not favored, for the reason, among others, that they often result in uncertainty and confusion. They are recognized only when the earlier and the later act are repugnant to, or irreconcilable with, each other. Where the two statutes even appear to conflict, the court will, if possible, adopt that construction

which will allow both to stand. *State* v. *Smith,* 59 Ind. 179 ; *State* v. *Wells,* 112 Ind. 237.

The substance of the objections of counsel for appellant to §88 of the act of 1867, *supra,* is that intoxication of a municipal officer, under certain circumstances, has been made a specific cause for removal, and that new remedies for the amotion of officers have been provided by the acts of 1875 and 1897.

There can be no doubt as to the power of the corporation at common law to remove an officer for drunkenness, or other offenses, against his official character and duty. 2 Kyd on Corp., p. 62 ; *Bagg's Case,* 11 Coke 93 ; *Rex* v. *Carlisle,* Fortesc. 200, 11 Mod. 378 ; *Muhler* v. *Hedekin,* 119 Ind. 481. But where there is a preëxisting right at common law, and an affirmative statute subsequently inflicts a new penalty, or gives an additional remedy, such statute is held to be cumulative, and not as superseding the preëxisting law. *Toney* v. *Johnson,* 26 Ind. 382 ; *Miller* v. *Goodwine,* 29 Ind. 46 ; Endlich on Statutes, §236 ; *Rex* v. *Robinson,* 2 Burr. 799.

It is said in Endlich on the Interpretation of Statutes, §218 : "Further, it is laid down, generally, that when the later enactment is worded in affirmative terms only, without any negative, expressed or implied, it does not repeal the earlier law. Thus, an act which authorized the Quarter Session to try a certain offense would involve no inconsistency with an earlier one which enacted that the offense should be tried by the Queen's Bench, or the Assizes; nor an act authorizing a proceeding to contest the validity of a will, by petition to the court of common pleas, any inconsistency with an earlier one providing for a proceeding by bill in chancery; and in *neither* case, therefore, would the later repeal the prior law."

Placed in juxtaposition, the three acts under consideration may be read as the several sections of a single statute. (1) The common council of any city may, for any offense

-against the character or duty of his office, remove any officer of the city by a two-thirds vote of its members. (2) For intoxication in the business hours of his office, or for habitual intoxication, any person holding an office under the Constitution or laws of this State, shall forfeit his office, and may be removed upon complaint by any citizen of the State filed in the circuit court of the county in which the officer resides. (3) An accusation in writing against any district, county, township, or municipal officer may be presented by the grand jury of the county for or in which the officer is elected or appointed.

The various acts merely provide different remedies for such official misconduct as would have authorized the removal of the officer under the rules of the common law. All are in affirmative terms only, and none of them contains any negative words indicating that the particular remedy provided is exclusive of other remedies. There is not even a seeming conflict between them, and they can, without violence, be so construed as to stand together. In their practical operation the remedies they afford are auxiliary and cumulative. If a common council refuses, neglects, or hesitates to remove a drunken officer, then any citizen has the right to file a complaint for such removal in the circuit court. If no citizen cares to incur the responsibility of such a proceeding, he can go before the grand jury and ask that an accusation in writing be preferred by that body.

In the next place, it is said that the ordinance under which the relator was tried and removed was void because never published. Only such by-laws and ordinances as impose a penalty or forfeiture for a violation of their provisions are required to be published before taking effect. §3535 Burns 1894. The ordinance is not in the record, and is not before us. If, as is probable, it prescribed only the manner in which charges of official misconduct should be preferred, the notice to be given, and the mode of hearing the evidence, it was not penal, nor did it impose a forfeiture, and therefore publication was unnecessary.

Lastly, the point is made that the mayor and members of the common council were not sworn when they entered · upon the trial of the charges against the relator. We have not been referred to any statute requiring this formality, and we have found none. The mayor and councilmen were acting under their official oaths, and it was not necessary that they should be specially sworn in the proceeding to remove the relator.

There is no error in the record. Judgment affirmed.