## 7418

### HARDY v. REAMER, MAYOR.

1. OFFICE—EQUITY.—Where the incumbent of a public office has been duly elected, is in possession and claims under color of title, title to the office cannot be tried in equity but it will enjoin those who seek to interfere with, impede or harass the incumbent in the proper enjoyment and discharge of the rights, privileges and duties of the office.

2. CITIES AND TOWNS—POLICE COMMISSION.—Where the council of a city of more than twenty thousand inhabitants has, under the act, 23 Stat., 1050, elected a police commission, it cannot during the term of office of the commission abolish the commission or prevent its members from exercising the duties of the office by repealing the ordinance providing for their appointment.

Before GARY, J., Richland, October, 1909.   Affirmed.

Action by A. Hardy, John D. Frost, E. A. Allworden and J. D. Miot, as Board of Police Commissioners, for injunction against W. S. Reamer, Mayor, Geo. W. Collins, F. S. Earle *et al.*, as aldermen of the city of Columbia. The Circuit Court decree is:

"An order having been issued and made returnable before me, at my chambers, in the city of Columbia, county and State aforesaid, on Tuesday, the 26th day of October, 1909, at ten o'clock in the forenoon, for the defendants to show cause, why they and each of them should not be enjoined and restrained as prayed for in the complaint, pending the final determination of this action, the defendants appeared and demurred, and made answer to the complaint, as will more fully appear by reference to the original return to the rule and answer. Messrs. Green & Green appeared on behalf of the defendants, and Messrs. Lyles & Lyles on behalf of the plaintiffs.

"I find as a fact from the verified complaint, answer and affidavit submitted by plaintiffs, that the plaintiffs were duly elected members of the board of police commissioners for

the city of Columbia, and took the oath of office and duly qualified as members of this board; that neither they, nor any one of them, have resigned or vacated their offices; that their term of office has not expired; that they have not voluntarily or otherwise relinquished any of their rights, privileges or duties as holders of such offices. And that the defendants have attempted to exercise the rights, privileges and duties of plaintiff's offices, and are daily hindering and impeding plaintiffs in the proper exercise thereof. In fact, the material averments of the plaintiff's complaint and affidavits are not controverted by defendants, as the latter rely on their right to abolish the board of police commissioners, as will later more fully appear.

"A municipal corporation of this State has no inherent right to exercise police functions. The right to police the city was merely vested by statute in the mayor and aldermen.

"The act approved February 26, 1902, gave to the mayor and aldermen of cities of between twenty and fifty thousand inhabitants full 'power and authority' to establish in such cities a board of police commissioners. And by an ordinance of April 8, 1902 (sec. 23-34, Rev. Ord. City Columbia, 1907), such a board was established in the city of Columbia. It is this board that plaintiffs are members of, and that defendants seek to abolish.

"Equity can not determine the question of title to a public office, but she can protect the possession of incumbents of a public office, and enjoin those who seek to interfere with, impede and harass the incumbents in the proper enjoyment and dicsharge of their rights, privileges and duties, as holders of such office. Clearly this is so where the incumbents were duly elected and claim under color of right. 2 High on Injunctions, sec. 1315; *Guillote* v. *Poincy,* 5 L. R. A., 403; *Huntington* v. *Cass,* 149 Ind., 255, 48 N. E., 1025; *Stenglein* v. *Beach,* 87 N. W., 449; *State* v. *Superior Court,* 61 Am. St., 890.

"As clearly shown by these and many other authorities, the proper protection of the interests of the public requires that the incumbent of a public office be protected in the discharge of the duties thereof. And that any claimant to the office, or the duties thereof, can not usurp the functions by force, but must proceed to establish his right by proper proceedings at law. The Code of Procedure of this State furnishes such claimant an adequate remedy. These considerations dispose of the demurrer interposed by defendants, and it is overruled.

"While the title to the office of the board of police commissioners is not involved, defendants claim that no such office exists, as it was abolished by the ordinance of September 14, 1909. This leads to a consideration of the effect of this last ordinance.

"The police power of the city of Columbia at the time of the passage of the act of February 26, 1902, was vested in the mayor and aldermen. They could not delegate this power. The board of police commissioners is a State office, performing functions inherent in the sovereign State as distinguished from local municipal functions, and the mayor and aldermen could not, without the authority of the State legislature, create such a board. The ordinance of April 8, 1902, therefore, derives its creative power from the act of February 26, 1902, and the board of police commissioners for the city of Columbia is a board created by the State, and can not be abolished by the municipality when not so authorized. The act of 1902 gives no such authority, and none can be found elsewhere.

"The act of 1902 further provides that the mayor shall be a member of such board, and 'shall serve on said board a term coequal with his term of office, unless his office is sooner vacated by him, and until his successor is elected and qualified,' and that one member (after the first four) shall be elected annually for a term of four years. The plain-

tiffs were elected each for a term of four years, which has not expired.

"Section 6 of act provides: 'The city council of the cities establishing boards of police commissioners under this act shall have power, from time to time, by ordinance, to devolve such further duties upon said boards, and to prescribe such further rules and regulations for government of said boards as are not inconsistent with the provisions of this act.'

"It seems clear that if the legislature had intended to give the municipality power to abolish the board, it would have so stated in this section—yet the whole tenor is to the contrary.

"The power given the mayor and aldermen is that of electing or appointing members of the board provided for by the act. In exercising this power they act as executives, as the appointing to office is an executive and not a legislative function. Having exercised this power by electing or appointing plaintiffs to the offices provided for by the act, and being neither authorized to remove such officers or to abolish such offices, created by a superior sovereignty, their power is exhausted, and they cannot remove plaintiffs, either directly or by abolishing their offices, so long as their terms are unexpired. *Marbury* v. *Madison,* 1 Cranch, 136, 2 L. R. A., 68; *State ex rel. Whitney* v. *Van Buskirk,* 4 N. J. L., 463; *State ex rel. Coogan* v. *Barbour,* 53 Conn., 76; Archley's Case, 4 Abb. Prac. Rep., 35.

"By virtue of their appointment to the offices provided for and created by statute, plaintiffs acquired a vested right for their statutory term of office, which was beyond the control of the municipality.

"The ordinance of September 14, 1909, is, under these considerations, ineffective to deprive these plaintiffs of their offices, and gives defendants no right or authority to interfere with or control these plaintiffs in the full and proper

enjoyment and discharge of the rights, privileges and duties
thereof.

"It is, therefore, ordered, that the defendants, and each
of them, be, and are hereby, enjoined and restrained from
attempting to abolish the board of police commissioners
for the city of Columbia, by repealing the ordinance passed
by them, and duly enacted and approved the 8th day of
April, 1902, now known as sections 23 to 34, inclusive, of
the revised ordinances of the city of Clumbia, 1907, or
otherwise, and from attempting to confer and impose any of
the rights, privileges and duties rightfully belonging to the
offices of members of the board of police commissioners
for the city of Columbia, upon C. J. Lynch, F. S. Earle and
E. G. Cook, as members of the police committee of council
or otherwise, or upon any other person or persons, and from
attempting to or taking from the said members of the
board of police commissioners for the city of Columbia
their books or any other records kept by them, and from
attempting to or electing officers of the police force of said
city, and from attempting to or letting contracts to equip the
said police force with uniforms, and from giving orders to
the said police, and from doing, or causing, or permitting
to be done, in any manner whatsoever, any act or thing that
may impede or hinder in any degree the proper enjoyment
and discharge by A. Hardy, John D. Frost, J. D. Miot and
E. A. Allworden, of any of the rights, privileges and duties
belonging to them as members of said board of police com-
missioners, provided for and imposed by the act of the
General Assembly of this State, approved the 26th day of
February, A. D. 1902 (23 Stat., 1050), entitled 'An act to
authorize the establishment of boards of police commis-
sioners, and the powers thereof, in cities of not less than
twenty nor more than fifty thousand inhabitants,' and by
the ordinance of the city of Columbia, approved the 8th
day of April, 1902, and now known as sections 23 to 34,
inclusive, of the revised ordinance of the City of Columbia,

1907; and the said defendants and each of them, are hereby enjoined and restrained as above set forth.

"It is further ordered that plaintiffs enter in a bond in the sum of one hundred dollars, in the usual form, to indemnify the defendants for any damage that they may sustain by reason of this injunction and pending the appeal to the Supreme Court."

From this decree the defendants appeal.

*Messrs. Allen J. Green* and *Green & Green* and *B. L. Abney,* for appellants. *Messrs. Green & Green* cite: *Plaintiff's remedy is not by injunction:* Code of Proc., 1902, 424, 428; 2 S. C., 81; 80 S. C., 64; 78 S. C., 172; 66 S. C., 1; 2 High on Inj., 1315; 8 Current L., 288; 108 N. W., 440; 78 Ill., 277; Dill Mun. Corp., 286; 124 U. S., 212; 65 Hun., 208; 32 Barb., 35; 15 Abb. Proc., 129; 1 Freeman's Ch., 222; 51 Minn., 355; 77 N. C., 280; 106 S. W., 667; 79 Pac., 353; 29 Cyc., 1389; 145 Cal., 691. *Council may repeal the ordinance and abolish the office:* 78 S. C., 171; 2 Abbott's Mun. Corp., 1456; 2 S. C., 81; 19 S. C., 114; 1 Dill., sec. 231; 100 Ky., 166; 28 Cyc., 482; 22 R. L. A., 653; 44 Tenn., 431; 149 N. Y., 215; 23 Mo., 22; 142 Ind., 117, 162.

*Messrs. Lyles & Lyles,* contra, cite: *Equity will protect the possession of the actual incumbent of a public office:* 5 L. R. A., 403; 8 So., 880; 39 So., 631; 44 So., 689; 87 N. W., 449; 61 Am. St., 893; 13 Kan., 41; 6 Pac., 938; 108 N. W., 440; 48 N. E., 1025. *Party in possession cannot bring quo warranto under sec. 428, Code of Proc:* 5 L. R. A., 404; 2 S. C., 81; 33 S. C., 612; 66 S. C., 1; 78 S. C., 171; 80 S. C., 64. *City Council cannot abolish this board:* Dill. Mun. Corp., secs. 210, 974-5; 28 Cyc., 488-9; 74 N. E., 177; 20 Md., 335; 31 Md. 462; 2 S. C., 81; 28 Cyc., 486; 15 Md., 376; 9 L. R. A., 76; Dill., sec., 96; 28 Cyc., 694, 486-7; Dill., secs., 58-61; 74 N. E., 177; 15 Md., 376; 28 Cyc., 482; Dill., sec., 231; 56 S. W., 596; 15 Md.,

376; 20 Md., 335; 31 Md., 462; 74 N. E., 177; 12 Ga., 404; Dill., secs. 89, 91, 317; 38 Ga., 543; 3 Hill, 612; 31 Md., 467. *Council only appoint to State office:* 2 L. R. A., 68; 4 N. J. L., 463; 53 Conn., 76; 4 Abb., Pr. R., 35; 1 Cranch, 136; 4 N. J. L., 463; 79 N. E., 1073; 44 Conn., 601; 133 Mass., 204.

January 11, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The facts of this case, and the material questions of law involved are fully set out in the decree of the Circuit Judge. Counsel for the appellants, the mayor and aldermen of the city of Columbia, have submitted strong arguments in support of their exceptions, but we have reached the conclusion that there is no error. The reasoning of the Circuit Judge is so convincing, and covers the issues so clearly, that we adopt it as the opinion of this Court.

The judgment of this Court is, that the decree of the Circuit Judge be affirmed.