7903

STONE v. MAHON.

COURTS.—A CITY which is invested with power to create a municipal
court by ordinance may repeal such ordinance and abolish the court
during the term of office of the judge duly elected.

Before SHIPP, J., Greenville, May, 1909. Affirmed.

Proceeding by Richard G. Stone against G. H. Mahon.
The Circuit decree is:

"On the 25th day of March, 1909, upon affidavit of
Richard G. Stone, hereto attached, I issued the rule against
G. H. Mahon, requiring him to show cause before me at

my chambers at the courthouse at Greenville, S. C., on the 30th day of March, 1909, by what authority he exercises and enjoys the office of recorder of the police municipal court of the city of Greenville, reference to which affidavit and rule is hereby craved.

"It will be observed that in his affidavit said Richard G. Stone states that he was elected by the city council of Greenville, on the 21st day of September, 1907, to the office of recorder of the police or municipal court for the city of Greenville, for a term of four (4) years, in accordance with the provisions of an act of the General Assembly of said State, entitled 'An act to establish municipal courts, to define the powers and jurisdiction of such courts and to provide for the conduct of business thereof in cities over twenty thousand and not exceeding fifty thousand inhabitants (approved on the 26th day of February, A. D. 1902); that he duly qualified and was duly commissioned and entered upon the duties of said office, etc. He further charges that the said G. H. Mahon thereafter 'usurped said office of recorder and claims to exercise the duties thereof.'

"Said G. H. Mahon answered said rule, and, among other things, denies that he is now exercising the duties of the office of recorder, and states that he is mayor of the city of Greenville, and as such presides over the police or municipal court, without compensation, at the request of the council.

"He further alleges that the office of recorder or municipal court of Greenville was abolished by an ordinance of the city council of Greenville on the 22d day of September, 1908, which ordinance repealed the ordinance of August 8, 1907, establishing said municipal court, which said ordinance, it is alleged, was passed in pursuance of an act of the legislature, approved on the 19th day of February, 1904, authorizing the establishment of a municipal court in cities whose population is not less than four thousand and no more than twenty thousand.

37—88

"The return further states that the city of Greenville obtained its charter under the general law providing for incorporation of a city under twenty thousand inhabitants, and that, as a matter of fact, at the time the ordinance was passed establishing the municipal court for the city of Greenville, and now, the said city has less than twenty thousand inhabitants.

"The return further alleges that after the ordinance was passed repealing the ordinance establishing said court, the plaintiff, without protest, vacated his office and has since appeared before the said mayor's court in several cases, representing the defendant, and has never objected to the jurisdiction of said court. There is no traverse of the return of the mayor, and the facts alleged must, therefore, be considered as true.

"Counsel for respondent concedes that if the said Richard G. Stone held his office under the act of 1902, by which the legislature itself established muncipal courts in cities of over twenty thousand people, that the city council of Greenville had no authority, by ordinance or otherwise, to interfere with the provisions of said act. They contend, however, that the said municipal court was not established by the legislature under that act, but was established by ordinance in pursuance of the act of 1904, in which it is declared that 'It shall be lawful for the city council of any city in this State whose population by the last census is not less than four thousand and not more than twenty thousand, * * * by an ordinance duly enacted, to establish in such city a municipal court for the trial and determination of all cases arising under the ordinances of such city.'

"They further contend that, inasmuch as the legislature does not itself establish the court or create the office, but has delegated the power to certain municipalities therein mentioned, the legislature impliedly recognizes the general

right of a municipality to repeal all ordinances enacted by it, and that in this case the said ordinance was repealed.

"It is my opinion that the ordinance establishing the municipal court for the city of Greenville and creating the office of recorder was passed in pursuance of the provisions of the act of 1904, and the said Richard G. Stone did not, therefore, hold his office under the act of 1902, as contended for by him.

"I am further of the opinion that the municipal authorities of Greenville, having by ordinance established said court, had the right to repeal said ordinance, if in their judgment the public interest so demanded.

"The fact that the effect of this ordinance was to oust the plaintiff from the office, which he held before the expiration of the term for which he was elected, does not render this legislation on the part of the city council invalid.

"The rule is thus concisely stated in Machem on Public Officers, page 467: 'Where the legislature has conferred upon a municipal board the authority to create offices, the board may abolish the offices so created, though the term of the incumbent has not expired.'

"See, also, Cyc. 28, page 401, and Cooley's Constitutional Law, page 332.

"In the case of *Councilmen* v. *Brawner,* 37 S. W., page 951, the Supreme Court of Kentucky uses this language: 'And we know no reason why the municipal legislature that has, in the exercise of discretion given by the General Assembly, established a city office, may not, at will and at its pleasure, abolish it.'

"To sustain the same position, see Abbott on Municipal Corporation, page 1532; *The State* v. *Jennings,* 63 Am. St. Rep., page 725; *Downey* v. *The State,* 67 N. E., page 450; Mechem on Public Officers, pages 296, 297; Cooley's Constitutional Law, pages 53, 332; *Ford* v. *Board of Commissioners,* 22 Pacific Rep., page 280, where the following

language may be found: 'So when the people, directly or through the legislature, clothe any department of the government, or any of its boards or officers, with power, at discretion, to create an office, they clothe it with the like power to abolish the same office. The counsel for the defendant have cited cases from more than half of the States in the Union in support of this proposition, that the power which creates an office may abolish it without regard to the expiration of the term of the incumbent.'

"It is contended, however, that under the Constitution of 1895, delegating to the legislature the authority to create inferior courts, the legislature had no power to delegate this duty to a municipal corporation. If this contention be correct, then the act of 1904, conferring upon municipalities under twenty thousand the right, by ordinance, to establish said court, was unconstitutional, and the ordinance passed in pursuance thereof was unconstitutional and there has never been a municipal court for the city of Greenville, and the said Richard G. Stone has never held the office of recorder.

"The return further alleges that the said Richard G. Stone, after the passage of the ordinance of September 22, 1908, repealing the ordinance of August 8, 1907, which established the municipal court for the city of Greenville, vacated said office without protest and has since acquiesced by practicing in the mayor's court or the police court, presided over by the defendant, and without objecting to its jurisdiction.

"There seems to be authority for this position, but the views hereinabove expressed render it unnecessary to consider this question.

"It is, therefore, ordered that the rule heretofore issued by me be discharged."

Plaintiff appeals.

*Messrs. Croft, Aiken & Croft* and *Cothran, Dean & Cothran,* for appellant. *Messrs. Croft, Aiken & Croft* cite: *The office of recorder was created under the act of 1902 and not under the act of 1904:* 23 Stat. 1048; 24 Stat. 397; 36 Ill. 385; 29 Ala. 52; 75 Ky. 363. *Authority to create inferior courts:* Con. 1895, art. V, sec. 1; 11 Am. Rep. 415; 11 Cyc. 702. *What power do said acts confer on the city?* 69 N. W. 1094; 45 Am. St. R. 650; 2 Wash. 137; 13 Am. R. 716; 8 Cyc. 830; 23 Pac. 203. *The legislature having created the court, the city cannot abolish it:* 14 Ore. 243; 38 Ga. 542; 3 Hill (N. Y.) 615; 84 S. C. 487; 74 Am. Dec. 583; 28 Cyc. 265. *A doubtful statute should not be declared unconstitutional:* 42 S. C. 293; 58 Ark. 407; Cool. Con. Lim. 157, 200, 203, 208; 83 Cal. 111; 82 Ia. 312; 30 Ia. 9; 72 Cal. 462. *There is no estoppel here:* 13 S. C. 370; 48 S. C. 226; 25 Conn. 118, 250; 96 U. S. 720; Big. on Est. 441. *Plaintiff did not abandon the office:* 14 Ore. 243; 29 Cyc. 1404; Big. on Est. 463; 15 Ia. 538.

*Messrs. McCullough & Blythe,* contra, cite: *The courts are without jurisdiction of this proceeding:* 32 Cyc. 1414; Code of Proc. 424, 428 *et seq.;* 84 S. C. 489; 66 S. C. 5; 78 S. C. 176; 80 S. C. 69; 5 Rich. L. 304; 98 U. S. 71; 66 S. C. 5; 33 S. C. 612. *This question may be first raised here:* 25 S. C. 389; 28 S. C. 315; 37 S. C. 415. *The city had the right to abolish this office:* 2 S. C. 81; 19 S. C. 118; McQuillin on Corp., sec. 231; Mech. on Pub. Of., sec. 466; 23 Stat. 1048; 24 Stat. 397; 22 Pac. 278; 41 N. E. 359; 67 N. E. 450; 37 S. W. 951; 52 Pac. 602; 47 S. E. 972; 43 N. E. 554; 32 At. R. 78; 62 At. 191. *Plaintiff having acquiesced in the action of council is now precluded from questioning its right to abolish it:* Machem on Pub. Of., sec. 485; 23 Ency. 607; 53 N. E. 633.

May 9, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is a proceeding, in which a rule was issued requiring the defendant to show, by what authority he discharged the duties of the office of recorder, in the city of Greenville.

The facts are fully stated, in the order of his Honor, the presiding Judge, discharging the rule to show cause; and, his conclusion is fully sustained by the authorities which he cites.

The authorities cited by his Honor, the Circuit Judge, are not in conflict with the case of *Hardy* v. *Reamer,* 84 S. C. 487, 66 S. E. 678.

Appeal dismissed.

MR. JUSTICE WOODS *did not sit in this case.*