### Commissioners of the Sinking Fund v. Byars.

(Decided December 10, 1915.)

#### Appeal from Franklin Circuit Court.

1. Officers—Removal—Right of Appointing Power.—Where the term of an officer is fixed by statute, the right of removal, even for cause, is not an incident of the power of appointment in the absence of a statute conferring that right.
2. Officers—Commissioner of Motor Vehicles—Power of Board of Sinking Fund Commissioners to Remove.—There being no statute conferring such power, the Board of Sinking Fund Commissioners has no power to try and remove the Commissioner of Motor Vehicles, whose term of office is fixed at four years.

JAMES GARNETT, Attorney General, and M. M. LOGAN, Assistant Attorney General, for appellant.

ROBT. B. FRANKLIN and ROBT. C. TALBOTT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Sub-section 34, section 2739, Kentucky Statutes, 1915, provides in part as follows:

"There is hereby created the office of Commissioner of Motor Vehicles. The Commissioner of Motor Vehicles shall be appointed by the Board of Sinking Fund Commissioners for a term of four years, and the first term shall begin on July 1st, 1914. The Commissioner of Motor Vehicles shall have his office with the Secretary of State and his department shall be one of the branches of the Department of State. The said Commissioner shall have the power to appoint one deputy commissioner and one stenographer, who shall hold office at his pleasure."

On July 1st, 1914, Thomas S. Byars was appointed Commissioner of Motor Vehicles by the Board of Sinking Fund Commissioners for a term of four years. Prior to his appointment he had been a clerk in the office of the Secretary of State and had charge of the collection of licenses on automobiles. A few months after his appointment as Commissioner of Motor Vehicles the State Examiner and Inspector made an examination of the office of the Secretary of State and reported to the Governor that all the funds received at the automobile desk had not been properly accounted for. Thereupon, the Commissioners of the Sinking Fund determined to investigate the matter and remove Byars if they found him responsible for the shortage.

Charging that the Commissioners of the Sinking Fund were without authority to try and remove him from office if they found him guilty, Byars brought this action to enjoin them from acting in the matter. The circuit court granted the relief prayed for, and the Commissioners of the Sinking Fund appeal.

Following the English decisions, many authorities hold that, in the absence of any express or implied restriction in the statute, a common council possesses the incidental power, for just cause and under proper regulations, to remove a corporate officer, whether elected by it or by the people. Richards v. Clarksburg, 30 W. Va., 491, 4 S. E., 774; 1 Dil. Mun. Corp., 240-242; State ex rel. Barnett v. Noblesville, 157 Ind., 31 60 N. E., 704; State ex rel. Tyrrell v. Jersey City, 25 N. J. L., 536; Ellison v. Raleigh, 89 N. C., 125; Savannah v. Grayson, 104 Ga., 105, 30 S. E., 639; State ex rel. McMahon v. New Orleans, 107 La., 632, 32 So. 22. On the other hand,

this doctrine has been denied. Attorney General ex rel. Cole v. Stratton (Mass.), 79 N. E., 1073, 9 L. R. A. (N. S.), 572; Speed v. Detroit, 98 Mich., 360, 22 L. R. A., 842, 39 Am. St. Rep., 555, 57 N. W., 406. It would seem from an examination of the foregoing authorities that the solution of the question turns on the nature of the particular municipality.

But whatever may be the rule with respect to municipal officers, it is the law of this State, and the generally accepted doctrine, that in the case of a State or other officer whose term is fixed by statute, the right of removal, even for cause, is not an incident of the power of appointment in the absence of a statute conferring such right. State ex rel. Lyon v. Rhame, et al., 92 S. Car., 455, 75 S. E., 881; Am. Ann. Cas., 1914 B., 519; Avery v. Tyringham, 3 Mass., 177, 3 Am. Dec., 105; People v. Robb, 126 N. Y., 180, 27 N. E., 267; Reilley v. Chatfield, 71 Conn., 112, 40 Atl., 922; State v. Dahl, 140 Wis., 301, 122 N. W., 748; Marbury v. Madison, 1 Cranch, 138, 2 U. S. (L. ed.), 60; Hager v. Lucas, 120 Ky., 307, 86 S. W., 552; Page v. Hardin, 8 B. Mon., 648; Bruce v. Matlock, 86 Ark., 555, 111 S. W., 990; People v. Jewett, 6 Cal., 291; Hardy v. Reamer, 84 S. C., 487, 66 S. E., 678; Collins v. Tracy, 36 Tex., 546; Mosher v. Stowell, 9 Abb. N. Cas. (N. Y.), 456; Mechem on Public Officers, section 445. Here the term of office is fixed at four years. Neither the statute creating the office nor any other statute confers upon the Board of Sinking Fund Commissioners the power of removal. It follows that the board was without power to try or remove plaintiff.

Judgment affirmed.