## Simons v. Scott, et al.

(Decided June 18, 1920.)

### Appeal from Franklin Circuit Court.

Officers—Public Officers—Removal of.—Where the term of an appointive officer is not fixed by statute and there is no limitation on the right of removal, he may be removed at the pleasure of the appointing authority without cause or notice or opportunity to be heard.

GIFFORD & STEINFIELD and L. S. LEOPOLD for appellant.

CHARLES I. DAWSON, Attorney General, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—Affirming.

On January 3, 1920, the appellant, A. H. Simons, was appointed revenue agent for the state at large by the state tax commission, and on March 13, 1920, was summarily removed as such revenue agent by the state tax commission without notice or any cause being assigned for the removal.

Soon after this, Simons brought this suit in the Franklin circuit court, seeking to compel, by injunction, the state tax commission to rescind its order of removal and reinstate him as revenue agent, upon the grounds that his appointment ran for a term of four years, or if this was not so he could only be removed (if at all) for a sufficient cause after notice and opportunity to be heard. The circuit court sustained a general demurrer to the petition, and Simons declining to plead further, his petition was dismissed and he appeals.

The state tax commission contends that it had the power in the exercise of the discretion vested in it to remove Simons at any time without notice or cause or opportunity to be heard, and if it did have the power claimed the judgment must be affirmed.

In 1880, the legislature enacted a statute giving authority to the auditor of state to appoint revenue agents "subject to removal at pleasure by the auditor." In 1902, the act of 1880 was so amended as to provide that the term of revenue agents for the state at large should be four years. In 1906, the statute relating to revenue agents was again amended so as to read that the auditor may appoint "not exceeding four revenue agents from the state at large, whose term of office shall be the same as that of the auditor and expire at the same time, unless they or any of them are removed by him."

In 1917, the legislature took from the auditor the appointment and control of revenue agents and placed "the appointment, supervision, control and direction of revenue agents" in the state tax commission. This 1917 act, however, did not attempt to change in any manner the provisions of the old law regulating the powers and duties of revenue agents; it merely transferred their appointment and control from the auditor of state to the state tax commission, to which body the legislature had confided the power to supervise the assessment of all property in the state.

In the consideration of this case, it is not pertinent to inquire into the powers and duties of revenue agents, as the sole question presented by the record is the power of the state tax commission to summarily remove Simons without cause or opportunity to be heard, and the solution of this question must be determined from a consideration of the terms of the act of 1917, because the appointment and control of revenue agents, without limitation or restriction, was placed by it in the hands of the state tax commission.

Under the act of 1906, it may be said that revenue agents did have a term coincident with that of the auditor, whose term was and is four years. But the state tax commission, which is composed of three members, cannot be said to have any definite term of office, such as the auditor; it is a continuing body, or at any rate a body the personnel of which does not necessarily change every four years, and, therefore, the provision of the act of 1906 relating to the term of these agents can have little to do with the question before us. The act of 1917 does not fix any term, does not say when the term shall begin or end, or anything about removal.

It merely provides that the tax commission shall appoint, direct, control and supervise revenue agents, thereby plainly indicating a purpose to leave to the commission the power not only to appoint, but to dismiss.

If the statute had provided that revenue agents could only be removed for cause and after notice and opportunity to be heard, or if they had been appointed for a term, the state tax commission could not, without cause and opportunity to be heard, make the removal. As said in Commissioners v. Byars, 167 Ky. 306: "Whatever may be the rule with respect to municipal officers, it is the law of this state, and the generally accepted doctrine, that in the case of a state or other officer whose term is fixed by statute, the right of removal, even for cause, is not an incident of the power of appointment in the absence of a statute conferring such right." But on the other hand, the court said in Johnson v. Ginn, 105 Ky. 654, "Where the power of appointment is conferred in general terms and without restriction, the power of removal in the discretion and at the will of the appointing power is implied and always exists unless restrained and limited by some provision of law."

In Parsons v. Breed, 126 Ky. 759, the court had under consideration a statute providing that the board of public works "may appoint and at pleasure remove a chief of each department under its control." Under this statute, a board of public works removed, without notice, cause or trial Parsons, who was the chief of a department under its control, and appointed Breed in his place, and the court said: "His (Parsons') term of office was not fixed, but as expressed in the statute was at the pleasure of the appointing board. He was liable to removal at any time without notice and without cause other than the pleasure of the board. . . . Where the tenure of office is not fixed by law and no other provision is made for removal, either by Constitution or by statute, it is said to be a sound and necessary rule to consider the power of removal as incident to the power of appointment."

In 22 R. C. L., page 562, the rule is laid down supported by many authorities that: "Where the term or tenure of a public officer is not fixed by law, the power of summary removal is incident to the appointment."

Under these authorities, it seems clear that the tax commission had the power to discharge Simons in the manner that it did. He held his place merely at the pleasure of the commission.

The judgment is affirmed.