## Votteler et al. v. Fields, Governor.

(Decided June 25, 1926).

WALTER P. LINCOLN for plaintiffs.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL and GARDNER K. BYERS, Assistant Attorneys General, for defendant.

OPINION OF THE COURT BY JUDGE DIETZMAN—Overruling motion to dissolve temporary injunction.

This case is before me on motion of the defendant to dissolve the temporary injunction granted herein by the judge of the Franklin circuit court. The plaintiffs in this action are the duly appointed, qualified, and acting members of the Kentucky board of pharmacy appointed pursuant to section 2621 of the Kentucky Statutes. On May 12, 1926, the defendant, the Governor of the Commonwealth, by executive order removed the plaintiffs from that board and declared their offices as members of the board vacant. Being advised by the Attorney General that he had no power to remove the plaintiffs until he had served them with notice and given them an opportunity to be heard, the defendant set aside that order of removal and on May 26th served notice on the plaintiffs that on July 15, 1926, he would conduct a hearing at which time they should show cause, if any they had or could, why their commissions as members of the state board of pharmacy should not be revoked and their offices declared vacant for the reasons stated in that notice. When the executive order of May 12th was issued, these plaintiffs brought this action to enjoin the defendant from declaring their offices vacant and to require him to reinstate them in their positions as mem-

bers of the board. Immediately following the executive order of May 26th, which did reinstate the plaintiffs as members of the board, they filed an amended petition to enjoin the defendant from conducting the hearing on July 15th, and from removing them from the board, on the ground that he had no authority to remove the plaintiffs from such board either for cause or otherwise. In due course of time these plaintiffs made a motion before Hon. Ben. G. Williams, Judge of the Fourteenth Judicial Circuit, for a temporary injunction. The defendant demurred to the petition, and the court heard the case on the verified petition and demurrer. He thereupon entered the temporary injunction above referred to which enjoins the Governor from conducting the hearing on July 15th and from removing or attempting to remove the plaintiffs from the state board of pharmacy. It is this injunction which the defendant now seeks to dissolve.

Section 2621 of the Statutes, under which the plaintiffs were appointed, in substance provides that the state board of pharmacy shall consist of five members, one of whom shall be appointed each year and when so appointed shall hold his office for five years and "until his successor is appointed and qualified, unless removed for cause." Such members shall be appointed by the Governor from a list of five names submitted to him by the Kentucky Pharmaceutical Association. In the event of any vacancy in the board, the Governor shall fill the same from the names last submitted. The question presented by this record is whether or not the Governor has the power to remove any member of the Kentucky board of pharmacy thus appointed for cause.

In the case of Commissioners of Sinking Fund v. Byars, 167 Ky. 306, 180 S. W. 380, 381, the question presented was whether or not the board of sinking fund commissioners in whom was vested the power of appointing the commissioner of motor vehicles, who, when appointed, served for a term of four years, had the right to remove such commissioner for cause. This court there said:

"But whatever may be the rule with respect to municipal officers, it is the law of this state, and the generally accepted doctrine, that in the case of a state or other officer whose term is fixed by statute the right of removal, even for cause, is not an inci-

dent of the power of appointment, in the absence of a statute conferring such right. (Citing cases.) Here the term of office is fixed at four years. Neither the statute creating the office nor any other statute confers upon the board of sinking fund commissioners the power of removal. It follows that the board was without power to try or remove plaintiff.''

The defendant concedes that the rule as stated in the Byars case, supra, is the governing rule in this state, and in his brief says that he does not contend that this is one of those cases in which the power of removal is incident to the power of appointment. The defendant correctly concedes so much for the term of office of plaintiffs is a fixed term, and the Byars case is controlling on the proposition that the power of removal in such state of case is not incident to the power of appointment.

The defendant must also necessarily concede that the power of removal here sought to be exercised by him is not expressly vested in him. Section 2621 of the Statutes, supra, does not expressly give him that power, nor have we been able to find any section of our Constitution or Statutes which expressly vests in him such power. Section 3750 of the Statutes is clearly applicable only to those officers appointed by the Governor by and with the advice and consent of the Senate, and the plaintiffs are not such officers.

The defendant contends, however, that he is given the power to remove in the case before us by clear implication from the other terms of section 2621, supra. And that is really the only question we have to decide. It is first argued that as the Governor is vested not only with the power to appoint originally, but also with the power to fill vacancies, it necessarily follows that he is vested with the power of removal. In almost all cases, the appointing power has the right of appointment not only for the full term but also for any vacancy which may occur. But the right to appoint to fill a vacancy does not mean that there is a right to create a vacancy to be so filled. Vacancies may come about for many reasons other than removal for official misconduct. The officer may die or resign, and in either case there is a vacancy to be filled. Some one must have that right, and it is but natural to expect that such right would be vested in the same person who had the power to appoint originally.

If the power of removal is not incident to the power of appointment in a case like that before us, we are unable to see why it should be so made simply because that power of appointment is rounded out and made more comprehensive by making it applicable not only to appointments for full terms but also for vacancies.

But, it is asked, what meaning should be given to the words in section 2621, supra, reading, "unless removed for cause," or what place have they in that statute unless they mean "removed for cause by the Governor?" It is argued that all officers are removable for cause anyway, and why insert the words in the statute? The answer, of course, is that the drafters of the statute meant it to be perfectly plain that the members of the state board of pharmacy were not above the law, that their appointment did not insure a term of years without accountability for misconduct, and that they held their office during the term or so long thereof as they gave no cause for their removal. Such expression as the one under consideration appears in many statutes creating officers, and that it carries with it no such implication as the defendant contends is apparent when, on examination, we find that such statutes, when it is meant to invest the Governor with the removal power, expressly so state. Examples of such statutes are:

State board of veterinary examiners, section 63b-1.

State board of charities and correction, section 216a-1, et seq.

Medical superintendents of asylums, etc., section 238.

State embalming board, section 1599a-1.

State geologist, section 2007k-2.

Board of examiners of trained nurses, section 3727a-1.

State board of accountancy, section 3941e-1.

State inspector and examiner, section 4619; 4620.

Tuberculosis board, section 4711b-1.

Workmen's Compensation Board, sections 4920, 4922.

In this connection, we should also refer to those officers appointed by and with the advice and consent of the Senate who are removable by the Governor pursuant to section 3750, supra, some of which are:

Commissioners of Kentucky School for Deaf, section 274.

Kentucky School for Blind, section 300.

The absence, then, from section 2621, of an expressed provision giving the Governor the power to remove, is highly persuasive in the light of these other statutes, where he is expressly given this power, that no such power was meant to be given him, and that the Legislature intended that the power to remove should be exercised in the ordinary channels of the law provided for that purpose.

Whether one's political philosophy agrees with the proposition or not, it is known from the history of our state that the people have ever objected to lodging too much power or control in any one department of the government. Prior to the adoption of the Constitution of 1850, great power lay with the Governor, for in him was the appointment of a host of officials of the state. One of the moving causes for the calling of that constitutional convention was the hostility of the people to this condition. By the instrument then adopted, the Governor was shorn of a great deal of the power he had theretofore enjoyed, and much of it has never been restored to him. A people are entitled to that form of government they wish, so long as it accords with the fundamental ideas expressed in our Bill of Rights. It is perfectly clear from the history of our state and an examination of our Statutes, that the people, as a fundamental proposition, did not mean to vest their Governor with the right to remove from office those appointed thereto in the manner prescribed by the people acting through their Legislature, unless and until such power was expressly or by the clearest implication given to the Governor. The statute before us does not measure up to that requirement, and hence we are of opinion that the Governor is not by section 2621 given the power to remove from office for cause or otherwise members of the state board of pharmacy. This being true, the trial court properly enjoined him from holding the proposed hearing on July 15, 1926. Poyntz v. Shackelford, 107 Ky. 546, 54 S. W. 855, 21 Ky. Law Rep. 1323; Scott v. McCreary, Governor, 148 Ky. 791, 147 S. W. 903; Gordon et al. v. Morrow, Governor, 186 Ky. 713, 218 S. W. 258.

The motion to dissolve the temporary injunction granted by the lower court is therefore overruled.

The whole court sat with me in the consideration of this case and concur in this order.