# SUPPLEMENT

OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTA-
TIVES.

*Cemetery.  Municipal Corporations,* Cemetery.  *Corporation,* Charter,
Cemetery corporation.  *Constitutional Law,* Corporate charter.

It would be constitutionally competent for the General Court to enact
legislation prohibiting selling or engaging in the business of selling
monuments for cemetery lots by municipal corporations, cemetery
corporations organized under general laws, and cemetery corporations
organized by acts of incorporation passed since March 11, 1831,
where such legislation provided that it should be deemed an amend-
ment of any charters theretofore granted except charters in which
right to sell monuments was expressly conferred, and that it should
not prohibit the sale by any of said corporations of monuments in
their possession prior to its effective date; but such legislation could
not constitutionally apply to a cemetery corporation, if any existed,
respecting which the power to sell monuments was a substantial
object of the grant of corporate powers and respecting which that
object would be defeated by an unqualified prohibition of their sale.
The provisions of G. L. (Ter. Ed.) c. 59, § 5, Twelfth, Thirteenth, re-
specting exemption from taxation of certain property held for ceme-
tery purposes would have no significance as to the constitutionality
of legislation prohibiting certain corporations from selling or engaging
in the business of selling monuments for cemetery lots.

On June 2, 1948, the Justices sent the following answer to
the question submitted to them by the House of Representa-
tives in the order quoted below.

To the Honorable the House of Representatives of the
Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully
submit this answer to the question set forth in an order
adopted by the House on May 19, 1948, and transmitted to

the Justices on May 21, 1948. A copy of the order is hereto annexed. The question submitted relates to a bill now pending in the General Court (Senate, No. 549) which is entitled "An Act providing that certain corporations shall not sell or engage in the business of selling monuments for cemetery lots."

The proposed act reads as follows: "Chapter 114 of the General Laws, as amended, is hereby further amended by inserting after section 43N, inserted by section 6 of chapter 319 of the acts of 1936, the following section: — Section 43O. The following corporations owning or operating cemeteries shall not sell or engage in the business of selling monuments for cemetery lots: — Municipal corporations, cemetery corporations organized under general laws, and cemetery corporations organized by acts of incorporation passed since March eleventh, eighteen hundred and thirty-one. This act shall be deemed an amendment of any charters heretofore granted except charters in which the right to sell monuments is expressly conferred. This act shall not prohibit the sale by any of said corporations of monuments in their possession prior to the effective date of this act."

The order of the House reads as follows:

"Whereas, There is pending before the General Court a bill printed as Senate numbered 549, being an act to prevent the sale of monuments for cemetery lots by certain corporations, a copy of which is submitted herewith; and

"Whereas, The Honorable the Justices of the Supreme Judicial Court have expressed an opinion on a previous draft of said bill under date of April 27, 1948, and set forth in Senate document numbered 546; and

"Whereas, Grave doubt exists as to the constitutionality of Senate numbered 549, if enacted into law; therefore be it

"Ordered, That the opinions of the Honorable the Justices of the Supreme Judicial Court be required by the House of Representatives on the following important question of law:

"1. Is it constitutionally competent for the General Court to amend, under the provisions of section three of chapter one hundred and fifty-five of the General Laws, or otherwise, the charters of the corporations referred to in said bill in the manner provided therein, with particular reference to tax-exempt cemetery corporations?"

In answering the question we shall have occasion to make repeated reference to the advisory opinion previously given by the Justices to the Senate under date of April 27, 1948, [1] in regard to a proposed act containing provisions in some respects similar to those contained in the proposed act to which the question now submitted relates. That opinion and this opinion should be read together.

In so far as the proposed act applies to municipal corporations, if there are any such corporations now authorized to sell or engage in the business of selling monuments for cemetery lots, we are of opinion that the plenary power of the General Court to control the scope of activities of municipal corporations includes the power to forbid such corporations from selling or engaging in the business of selling such monuments. See the cases collected in the former opinion, [2] to which may be added *Attorney General* v. *Lowell*, 246 Mass. 312, 320, *Whiting* v. *Mayor of Holyoke*, 272 Mass. 116, 118, *Trenton* v. *New Jersey*, 262 U. S. 182, and *Williams* v. *Mayor & City Council of Baltimore*, 289 U. S. 36, 40. No question of the taking of property without due process of law arises, since municipal corporations have no inherent right to continue in any line of business, and nothing in the act prevents them from disposing to the best advantage of any property or property rights connected with any monument business now carried on.

In so far as the proposed act applies to private cemetery corporations organized under general or special laws, we are of opinion that, in general, it falls within the sweeping authority of the Legislature to determine the scope of the corporate powers of corporations chartered by it or under statutes which it has enacted, to amend charters granted

---

[1] 322 Mass. 755.          [2] 322 Mass. 755, 758.

since March 11, 1831, and to alter the "corporate rights" of corporations organized under general laws. G. L. (Ter. Ed.) c. 155, § 3. We must again, however, direct attention to the qualification upon the absolute power of the Legislature to amend the charters of private corporations that any amendment must not defeat or substantially impair the object of the grant or any rights which have vested under it. See the former opinion 322 Mass. 755 at page 762, and cases there cited. It would seem that the proposed act seeks to meet this possible difficulty by the clause in the second sentence reading ". . . except charters in which the right to sell monuments is expressly conferred" and by the provision permitting the sale of any monuments on hand. We think that these provisions would be effective to meet the constitutional requirement in any instances which we can anticipate as likely to exist, if it were not that we are inclined to construe the clause just quoted above, in its present position, as a qualification of the earlier part of the second sentence and not of the prohibition contained in the first sentence. There remains therefore, as the proposed act is worded, a possibility, but hardly a probability, that there may exist some cemetery corporation in which the power to sell monuments was a substantial object of the grant of corporate powers and in which that object would be defeated by the unqualified prohibition of the first sentence.

Reference is made in the question to "tax-exempt cemetery corporations." By G. L. (Ter. Ed.) c. 59, § 5, Twelfth, all cemeteries, tombs and rights of burial, so long as dedicated to the burial of the dead, are exempt from taxation, and by § 5, Thirteenth, personal property held by cities, towns, religious societies, and cemeteries, whether incorporated or unincorporated, or by the Commonwealth or by any corporation, for the perpetual care of graves, cemetery lots, and cemeteries, for the placing of flowers upon graves, for the care or renewal of gravestones, monuments or tombs, and for the care and maintenance of burial chapels, is exempt, except personal property held by a cemetery corporation which distributes any of the income or profits of its business among its stockholders or members. We do not

perceive, however, that these provisions are of significance in answering the question submitted to us.

We therefore answer the question submitted in the affirmative, subject to the qualification above stated that it is possible, though not probable, that a few cemetery corporations may exist to which the act, if passed, could not legally be applied.

STANLEY E. QUA.
HENRY T. LUMMUS.
ARTHUR W. DOLAN.
JAMES J. RONAN.
RAYMOND S. WILKINS.
JOHN V. SPALDING.
HAROLD P. WILLIAMS.