## W. COLLINS AND OTHERS v. J. W. TRACY.

1. State Constitutions are made with reference to existing laws, and do not further abrogate or change such laws than in respect of inconsistent provisions.
2. The Constitution of 1869 being silent respecting the office of county treasurer, it is obvious that the antecedent laws providing for that office, and prescribing its duties, are still in force so far as they have not been changed by subsequent legislation.
3. The act of June 28th, 1870 (General Laws, 17), empowered the Governor to appoint county treasurers, who should hold their offices " until the " next general election in this State, or until otherwise provided by law." *Held*, that an appointee under this provision acquired a vested right to the office, and was not removable by the Governor's subsequent appointment of a different person.
4. The power of removal from office is incident to the power of appointment in those cases only where the tenure is not fixed by law, and where the office is held at the pleasure of the appointing power.

APPEAL from Caldwell. Tried below before the Hon. Henry Maney.

The appellant, it appears, was appointed by the Governor, on the 1st of October, 1870, to the office of county treasurer of Caldwell county, then vacant by reason of the death of one Dorris, the previous incumbent. The appellant, having duly qualified, held the office until the commencement of this suit of *mandamus* by the appellee, on the 19th of January, 1872. The appellee alleged and proved that he had been appointed to the office by the Governor, on the 6th of December, 1871 ; and the court below rendered judgment in his favor, from which this appeal was taken.

*L. J. Storey*, for the appellant.

No brief for the appellee.

EVANS, P. J. The question presented in this case, is whether

a junior commission vacates a former appointment to the office of county treasurer.

The Constitution is silent as to the office of county treasurer; but state Constitutions are made with reference to existing laws, which laws are not changed by the Constitution, except so far as they may be inconsistent with its provisions.

It is obvious that the law providing for the office of county treasurer, and prescribing the duties incident to it, is still in force, only so far as it has not been changed by laws passed since its adoption.

The office of county treasurer is recognized by the Constitution; but the mode of appointment and the tenure of the office all are left to legislative control.

The act of 28th June, 1870 (12th Legislature), provides that " The Governor shall appoint one county treasurer, who " shall hold his office until the next general election in this " State, or until otherwise provided by law."

It follows from this that the county treasurer, when once appointed in the mode prescribed by law, has a vested right to his office, and cannot be removed except for cause amounting to a forfeiture of his office.

The principle that the power of removal is incident to the power of appointment, is applicable only in those cases where the office is held at the pleasure of the appointing power, and the tenure not fixed by law as in this case. (Ex-parte Hennen, 13 Peters, 256; Keenan v. Perry, 24 Texas, 253.)

There being no law of this State specially authorizing the Governor to remove a county treasurer from office, it follows that he can only be removed on conviction by a jury, after indictment for malfeasance, nonfeasance, or misfeasance in office. (See Article 5, Section 24, Constitution.)

We think there was error in the judgment of the District Court, and it must be reversed.

Reversed.