SIDNEY E. WHITING & others *vs.* MAYOR OF HOLYOKE & others.

Hampden. September 19, 1929. — July 1, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Municipal Corporations,* Appropriation and expenditure of money, Investigation of municipal department, Municipal lighting plant. *Constitutional Law,* Legislative control of municipal corporations. *Equity Jurisdiction,* Suit by ten taxable inhabitants. *Holyoke.*

The cities and towns of this Commonwealth have no inherent, but only a delegated, power to raise and expend money; their rights in this particular rest upon legislative grant; if authority for a particular act is not found in express terms or by necessary implication in some statute of the General Court, it does not exist. Per RUGG, C.J.

The right to erect, maintain and operate gas and electric plants is not one of the general powers conferred by implication of law upon municipalities in this Commonwealth.

· It was the design of St. 1922, c. 173, and pertinent provisions of G. L. c. 164, therein referred to, to vest exclusive powers of management of the municipal gas and electric plant of Holyoke in an unpaid commission, appointed as therein specified, and their appointees.

A bill in equity by ten taxpayers of Holyoke to restrain the mayor and other city officials from incurring obligations and expending money of the city for "defraying the expenses of an investigation [authorized by the mayor and aldermen] of the affairs, financial or otherwise" of the gas and electric department, contained allegations that "No irregularities or defaults or errors in economy of administration or of the conduct, doings or affairs" of the gas and electric department had "been disclosed by the examinations or audits of the officers or agencies authorized by law to exercise supervision over" such department, and that no allegations of that nature had been presented to "the board of aldermen to show the necessity or reasonableness of the proposed investigation, and such an investigation would be

. . . unnecessary and futile." A demurrer to the bill was sustained and the case reported to this court. *Held*, that

(1) The allegations of the bill negatived any public use to be subserved by the proposed appropriation, and the demurrer should have been overruled;

(2) It was not necessary to consider the nature and extent of the general power of a legislative branch of a city government to investigate upon sufficient ground one of the city departments and to appropriate money therefor.

BILL IN EQUITY, filed in the Superior Court on April 15, 1929, and described in the opinion.

By order of *Greenhalge*, J., a demurrer to the bill was sustained; and, being of opinion that the interlocutory decree so affected the merits of the controversy that the matter ought, before further proceedings, to be determined by this court, he reported the suit to this court under G. L. c. 214, § 30.

The case was submitted on briefs.

*W. H. Brooks, W. T. Dillon, & H. J. Lacey,* for the plaintiffs.

*J. Ogan,* City Solicitor, *& C. E. Ducharme,* for the defendants.

RUGG, C.J. This is a bill in equity by ten taxpayers of Holyoke to restrain the mayor and other city officials from incurring obligations and expending money of the city for purposes alleged to be contrary to law. The case was heard upon bill and demurrer. An interlocutory decree was entered sustaining the demurrer, and the case was reported for determination by this court. Summarily stated, the material allegations of the bill are these: The gas and electric department of Holyoke was established and is maintained and regulated by the relevant provisions of G. L. c. 164 and by St. 1922, c. 173. By the latter chapter an unpaid commission of three is vested with all the powers and duties theretofore exercised by the mayor under G. L. c. 164, and in addition with the powers and duties conferred upon municipal light boards in towns by said c. 164. The affairs, doings and conduct of the gas and electric department are under the law subject to examination and audit by the city auditor, by the director of accounts of the Com-

monwealth, and by the department of public utilities of the Commonwealth. In January, 1929, the board of aldermen of Holyoke passed an order, approved by the mayor, providing for a committee of five of its members who in conjunction with the mayor were directed to "conduct a general investigation of the conduct and doings" of the gas and electric department, "particularly as same relates to the question of economy of administration of the business" of the department. In paragraph 5 of the bill it is alleged that "No irregularities or defaults or errors in economy of administration or of the conduct, doings or affairs" of the gas and electric department "have been disclosed by the examinations or audits of the officers or agencies authorized by law to exercise supervision over" such department, and that no allegations of that nature have been presented to "the board of aldermen to show the necessity or reasonableness of the proposed investigation, and such an investigation would be . . . unnecessary and futile." In April, 1929, the board of aldermen passed an order, approved by the mayor, appropriating $10,000 to be used under the supervision of the mayor for "defraying the expenses of an investigation of the affairs, financial or otherwise" of the gas and electric department. "So much of said sum as shall be necessary shall be used by him to employ the services of auditors, accountants, or other experts, and to defray other expenses incidental to such investigation."

For the purposes of this decision the facts thus alleged must be taken as true.

The cities and towns of this Commonwealth have no inherent but only a delegated power to raise and expend money. Their rights in this particular rest upon legislative grant; if the authority is not found in express terms or by necessary implication in some act of the General Court, it does not exist. The numerous authorities to this effect need not be collected. It is the doctrine of the early, the late, and many intervening decisions. *Stetson* v. *Kempton*, 13 Mass. 272. *Attorney General* v. *Lowell*, 246 Mass. 312, 320 and cases cited.

The right to erect, maintain and operate gas and elec-

tric plants is not one of the general powers conferred by implication of law upon municipalities in this Commonwealth. *Opinion of the Justices*, 150 Mass. 592. *Spaulding v. Peabody*, 153 Mass. 129. Therefore the statutes by which that power has been conferred must be examined to determine whether the expenditure here in question is authorized. According to the allegations of the bill, the subject in Holyoke is governed by St. 1922, c. 173. It there is provided by § 1 that an unpaid commission "to be known as the municipal gas and electric commission of the city of Holyoke," hereafter termed the commission, consisting of three members, each to serve after the initial appointments for a term of six years, shall be appointed by the mayor subject to confirmation by the board of aldermen. "Said commission shall be vested with all the powers and duties heretofore exercised by the mayor of said city under the provisions of" G. L. c. 164, "and in addition thereto shall have such powers and duties as are now conferred or imposed by said chapter upon municipal light boards in towns." The powers of such boards are specified in § 55 of said chapter to be "authority to construct, purchase or lease a gas or electric plant in accordance with the vote of the town and to maintain and operate the same." It became the duty of the commission under § 56 of said chapter to appoint a manager, who subject to their direction and the provisions of the statutes shall "have full charge of the operation and management of the plant, the manufacture and distribution of gas or electricity, the purchase of supplies, the employment of agents and servants, the method, time, price, quantity and quality of the supply, the collection of bills, and the keeping of accounts. His compensation and term of office shall be fixed" by the commission. Without enlarging further upon the pertinent provisions of said c. 164, it is manifest that the design of the statutes governing Holyoke is to vest exclusive managerial powers in the commission and their appointees. *Bowers* v. *Selectmen of Needham*, 216 Mass. 422. *Muldoon* v. *Lowell*. 178 Mass. 134. They in turn are subject according to the allegations of the bill to large supervision

by other public officers and particularly by the department of public utilities of the Commonwealth. The property under the management of the commission doubtless belongs to the city of Holyoke in its right of private ownership and not solely in its public and political capacity. But it was thus acquired and managed subject entirely to the statutes.

It is in the light of this statutory background that the allegations of paragraph 5 of the bill, already quoted in substance, must be read. Those allegations are specific to the effect that there is no just reason for undertaking the proposed investigation. This averment must be taken to be true. Since the proposed investigation involves the expenditure of considerable sums of public money, the allegation is pertinent. It must appear expressly or by fair implication that such expenditure is for a public use before it can be justified. The allegations of the bill negative any public use to be subserved by the proposed appropriation. The provisions of said c. 164, to which the defendants direct attention, such as §§ 38, 40, 41, 61, 62, 64, have not been overlooked. The general presumption in favor of the good motives of public officers is recognized. It is not necessary to consider the nature and extent of the general power of a legislative branch of a city government to investigate upon sufficient ground one of the city departments and to appropriate money therefor. It is only necessary to decide the narrow question presented on this record. We are of opinion that upon the allegations of this bill the demurrer ought to be overruled. The entry must be, order sustaining demurrer reversed and order to be entered overruling demurrer.

*Ordered accordingly.*