JOHN F. ADIE *vs.* MAYOR OF HOLYOKE & others.

Hampden.     February 9, 1939. — May 29, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Public Officer. Holyoke. Municipal Corporations,* Officers and agents.

A member of the municipal gas and electric commission of the city of Holyoke, appointed by the mayor under St. 1922, c. 173, was a public officer.

The mayor of the city of Holyoke had no authority to remove from office a member of the municipal gas and electric commission either under § 26 of the city charter, St. 1896, c. 438, or by implication from his power to appoint under St. 1922, c. 173.

PETITION, filed in the Supreme Judicial Court for the county of Hampden on January 12, 1939, for a writ of mandamus.

The case was reported by *Dolan,* J.

*J. M. Healy,* (*F. E. Button* with him,) for the petitioner.

*H. J. Lacey,* for the respondent Tighe.

*C. S. Lyon,* for the respondent Yoerg.

*J. R. Nolen,* for the respondent Ranger.

DOLAN, J. This is a petition for a writ of mandamus to compel the respondents to recognize the petitioner as a

member of the municipal gas and electric commission of the city of Holyoke, from which office the respondent William P. Yoerg, as mayor of that city, purported to remove him; and to restrain the mayor from "intruding himself" as an acting member of that commission. The other respondents, James L. Tighe and Casper J. Ranger, are members of the commission. The case was heard by a single justice of this court who reported it, without decision, for determination by the full court upon all questions of law raised by the petition and answers.

The allegations of the petition may be summarized as follows: On June 7, 1938, the respondent mayor of the city of Holyoke, hereinafter referred to as the mayor, acting under St. 1922, c. 173, appointed the petitioner a member of the municipal gas and electric commission of the city of Holyoke, hereinafter referred to as the commission, for a term of six years from the first Monday of July, 1938. The petitioner duly qualified under the appointment on July 1, 1938. On January 9, 1939, the mayor notified the petitioner in writing that he was removed from that office. On January 10, 1939, the board of aldermen of the city of Holyoke, at a meeting called by the mayor to see if the board would approve his action in removing the petitioner, voted not to approve that action, and that leave be given to withdraw, without prejudice, the order seeking approval of his removal. On January 12, 1939, the mayor notified the city clerk, in writing, that he had appointed himself as an acting member of the commission pending the appointment of a commissioner to fill the existing vacancy.

In his answer the mayor denies that the board of aldermen voted against the approval of his action in removing the petitioner, and says that they merely voted that leave be given to withdraw the order seeking their approval of his action without prejudice. He further answers that on January 9, 1939, after a discussion with the petitioner and the latter's counsel, he gave the petitioner a written notice of removal assigning as causes therefor (1) that the petitioner had "executed a contract between the City of Holyoke Gas and Electric Department and the Taylor-

Logan Company a Corporation in which . . . [the petitioner was] personally interested, said contract having been so executed by . . . [the petitioner] both in . . . [his] capacity as a Commissioner of the Municipal Gas and Electric Commission and also in . . . [his] capacity as an officer of said Taylor-Logan Company," and (2) "For the good of the service." The respondent Ranger in his answer states that the mayor had authority to remove the petitioner, and that he (Ranger) "must recognize" the mayor as a member of the commission. The respondent Tighe in his answer states that the petitioner is "a valid existing member" of the commission "regardless of the acts" of the mayor.

The office in question was first provided for by St. 1922, c. 173. Section 1 provides that "There is hereby established an unpaid commission to be known as the municipal gas and electric commission of the city of Holyoke, to consist of three members, who shall be appointed in the manner and for the terms hereinafter provided. Said commission shall be vested with all the powers and duties heretofore exercised by the mayor of said city under the provisions of chapter one hundred and sixty-four of the General Laws, and in addition thereto shall have such powers and duties as are now conferred or imposed by said chapter upon municipal light boards in towns." Section 2 provides that "The mayor of said city shall, subject to confirmation by the board of aldermen, appoint prior to July first, nineteen hundred and twenty-two, one member of said commission to serve for two years, one for four years and one for six years, from the first Monday of July, and thereafter as the term of any member expires, a successor shall be appointed for the term of six years. Vacancies shall be filled in like manner for unexpired terms. The members shall in all cases hold office until their successors are chosen and qualified." Section 3 provides for the taking effect of the act upon its acceptance by the board of aldermen. The city charter contains no provision relative to these offices.

The issue argued by the parties is whether the mayor

has the right to remove for cause or otherwise a member of the commission.

It is contended on behalf of the respondent mayor that he had authority to remove the petitioner under § 26 of St. 1896, c. 438, entitled "An Act to revise the charter of the city of Holyoke." This section provides that "The mayor shall have the sole power of appointment to all the municipal offices established by or under this act, unless herein otherwise provided, and he may, except as herein otherwise provided, remove from office by written order any officer so appointed hereunder for any cause which he shall in his official discretion deem sufficient . . . ." It would appear, however, by the express wording of this section that the power of removal therein conferred is limited to offices "established by or under" the charter. To extend the power to offices not so established would violate the principle that all words of a statute must be given weight. *Barnes* v. *Peck,* 283 Mass. 618, 625, and cases cited. St. 1922, c. 173, makes no reference to the city charter, nor does it disclose any intent by the Legislature that the offices thereby created were to be subject to the provisions of the charter. It is provided in § 1 of the statute that the commission thereby created should be vested with the powers and duties formerly exercised by the mayor under c. 164 of the General Laws and also those exercised by municipal light boards in towns under said chapter. See now G. L. (Ter. Ed.) c. 164, §§ 34–69, more particularly §§ 55, 56, 57, 63. Under this chapter the department of public utilities is given supervision over the operation of municipal gas and electric plants. See what is now G. L. (Ter. Ed.) c. 164, §§ 43, 47, 52, 54, 58, 59, 60, 63, 68. In view of the detailed provisions set up in this chapter for the establishment and supervision of municipal gas and electric plants, we think the commission created by St. 1922, c. 173, can exercise its functions only subject to the provisions of c. 164.

Cities and towns in this Commonwealth can exercise those powers and perform those duties only "which are expressly conferred by statute or necessarily implied from

those expressly conferred or from undoubted municipal rights or privileges." *White* v. *Treasurer of Wayland,* 273 Mass. 468, 470, and cases cited. *MacRae* v. *Selectmen of Concord,* 296 Mass. 394, 396. Statutes relating to powers conferred upon municipalities "have always been given a strict construction. . . . This principle applies with special force to statutes enabling municipalities to enter into commercial activity . . . 'where cities and towns are authorized to enter the field of business enterprises, like the manufacture of gas and electricity, they do it not under the laws relating to private corporations . . . but under' special statutory provisions." *MacRae* v. *Selectmen of Concord,* 296 Mass. 394, 397. It is only by the authority conferred by G. L. (Ter. Ed.) c. 164, §§ 34–69, and not by virtue of any implied power of the city of Holyoke, that it can maintain a gas and electric plant. In the absence of any express provision in the city charter, any power of the mayor over those in charge of the management of the plant must be derived from the governing statutes, and is not to be implied from the provisions of the city charter.

The present case is not one where the city charter gives the mayor a sweeping power to remove any head of a department or member of a board whether or not his office is created by or under the charter. For this reason the cases of *Murphy* v. *Mayor of Boston,* 220 Mass. 73, 75, and *Egan* v. *Mayor of Boston,* 298 Mass. 448, 450, are clearly distinguishable. See also *Cunningham* v. *Mayor of Cambridge,* 222 Mass. 574, 580. In the cases just cited, because of broad provisions of the city charters, it was immaterial whether or not the office was one established thereunder. In the instant case, however, the office in question is not established under the city charter, and the power of removal confided to the mayor therein is specifically limited to the offices established thereunder. It follows that the power of removal granted under the charter does not extend to the office here involved. Compare *Johnson* v. *Mayor of Quincy,* 198 Mass. 411, 412.

The question remains whether, apart from the provisions

of the charter, a power in the mayor to remove the petitioner may be implied from the fact that by St. 1922, c. 173, § 2, the mayor was given the power to appoint the members of the commission. The office having been created by statute and its duties being defined by statute, the petitioner in his office as commissioner must be held to be a public officer. *Postal Telegraph-Cable Co.* v. *Worcester,* 202 Mass. 320, 322. *Anglim* v. *Brockton,* 278 Mass. 90, 96. *Malinoski* v. *D. S. McGrath, Inc.,* 283 Mass. 1, 9. *Daddario* v. *Pittsfield,* 301 Mass. 552, 557–558. The provisions of c. 164, § 64, that a municipality "owning or operating a gas or electric plant shall be liable for any injury or damage to persons or property, or for the death of a person who is in the exercise of due care, caused by its maintenance or operation, in the same manner and to the same extent as a private corporation" do not make the commissioners agents of the city in their conduct of the enterprise. They remain public officers acting under legislative mandate. These provisions of § 64 are but affirmative of the established law that "a city or town is liable for negligence in the conduct of commercial enterprises voluntarily undertaken for profit or to benefit its corporate interests, although a public need is ultimately subserved." *Sloper* v. *Quincy,* 301 Mass. 20, 24, and cases cited. "It is a well-nigh universal rule that where no definite term of office is fixed by law the power to remove an incumbent is an incident to the power to appoint, in the absence of some constitutional or statutory provision to the contrary." *State* v. *Dahl,* 140 Wis. 301, 303. *Murphy* v. *Webster,* 131 Mass. 482. *Attorney General* v. *Varnum,* 167 Mass. 477, 480. *Sponogle* v. *Curnow,* 136 Cal. 580, 585. *State* v. *Chatfield,* 71 Conn. 104, 112. *State* v. *Archibald,* 5 N. D. 359, 377, and cases cited. *Honey* v. *Graham,* 39 Texas, 1, 12. *People* v. *Robb,* 126 N. Y. 180–182. *Sheriff* v. *Commissioners of Salt Lake County,* 71 Utah, 593, 596. *Morris* v. *Parks,* 145 Ore. 481, 485. *Irving* v. *Ferguson,* 118 Wash. 37, 41. *Ex parte Hennen,* 13 Pet. C. C. 230, 253. See also Ann. Cas. 1912 C, 374, 375, and cases collected in 2 McQuillin Municipal Corporations, page 346.

There is, however, "an equally well recognized exception
to that rule, viz., that the right of removal does not exist
in the appointing power, in the absence of some constitu-
tional or statutory provision, where the term of the official
is fixed by law for a definite period." *Brock* v. *Foree*, 168
Tenn. 129, 131. This is so whether cause for removal exists
or not. *Holder* v. *Anderson*, 160 Ga. 433, 446. This excep-
tion to the general rule has been recognized in a number
of decisions. *Avery* v. *Tyringham*, 3 Mass. 160, 177. *Attor-
ney General* v. *Stratton*, 194 Mass. 51, 53. *Commissioners
of the Sinking Fund* v. *Byars*, 167 Ky. 306, 308, and cases
cited. *People* v. *Healy*, 231 Ill. 629, 640. *State* v. *Rhame*,
92 S. C. 455. *Murphy* v. *Freeholders of Hudson County*,
92 N. J. L. 244, 246, 247. *Collins* v. *Tracy*, 36 Texas, 546,
547. Compare *Lease* v. *Freeborn*, 52 Kan. 750, 754, 755;
*State* v. *Kuehn*, 34 Wis. 229. The respondents Yoerg and
Ranger have relied largely on statements in *Murphy* v.
*Webster*, 131 Mass. 482, 488, and *Attorney General* v. *Var-
num*, 167 Mass. 477, 480, to the effect that the power to
remove an officer may be implied from the power to ap-
point him. We have already cited these cases as authority
for the general rule applicable where no term of office is
prescribed, since in each of these cases no term was pre-
scribed for holding the office involved.

In *Opinion of the Justices*, 216 Mass. 605, at page 606,
the court said: "Power to remove a public officer is not a
necessary and inherent incident of the authority to appoint.
Frequently they are disjoined"; and in *Attorney General* v.
*Stratton*, 194 Mass. 51, at page 53, it is said, ". . . in the
cities and towns of Massachusetts, there is no power to
remove public officers except that which is given by the
statutes." In that case the public officers whose removal
was attempted by the inhabitants of a town were members
of its board of health who had been elected for definite
terms, and it was held that the inhabitants had no power
to remove those elected even though it appeared that defi-
nite cause for their removal existed. Although that case
involved elected and not appointed public officers, the court
did not in express terms distinguish between them, and we

think the same rule must be held to apply in cases of appointed public officers where their terms are fixed by the statutes creating their offices and no provision is made for their removal.

We are of opinion that nothing said in such cases as *Parsons* v. *United States,* 167 U. S. 324, *Shurtleff* v. *United States,* 189 U. S. 311, and *Myers* v. *United States,* 272 U. S. 52, is in conflict with the view we take in the case at bar, that the respondent mayor has no implied power to remove a member of the commission. See *State* v. *Rhame,* 92 S. C. 455, 461. Those cases, in so far as they uphold a power of removal in the President, where that power is not limited by the acts of Congress creating the offices, are based in essence upon the constitutional duty of the President to "take care that the laws be faithfully executed." Constitution of the United States, art. 2, § 3. Removal from office at the mere discretion of the President was established as a proper and necessary attendant "of the executive duty and responsibility under the Constitution to maintain the efficiency and fidelity of the public service in fulfilling the manifold and incessant obligations of administration and in execution of the laws." *Parsons* v. *United States,* 167 U. S. 324, 334. No such duty is lodged in the respondent mayor by the city charter or otherwise as to the office with which we are here concerned; it is not established under the charter of the city of Holyoke, and its duties are specifically prescribed by statutes under which the exclusive managerial powers are vested in the commission, the members of which are in turn subject to large supervision, not by the mayor but by the department of public utilities of the Commonwealth. *Whiting* v. *Mayor of Holyoke,* 272 Mass. 116, 119.

It has been argued that to hold that the mayor has no power to remove a member of the commission, even though cause exists therefor, means that, no matter how gross the misconduct of a member in connection with his service, he must be retained in his office during the term for which he was appointed. The short answer to this contention is that, since the Legislature created the office in question, it has

the power to provide by statute for removal therefrom. *Opinion of the Justices,* 167 Mass. 599, 600. *Graham v. Roberts,* 200 Mass. 152, 157. *Barnes* v. *Mayor of Chicopee,* 213 Mass. 1, 4.

It follows from what has been said that the mayor has no power to remove the petitioner from his office as a member of the commission.

Accordingly, a peremptory writ of mandamus is to issue commanding the respondents to recognize the petitioner as a member of the municipal gas and electric commission of the city of Holyoke, and further commanding the respondent Yoerg to desist and refrain from usurping in any form or manner the office of the petitioner as a member of that commission.

*So ordered.*