MUNICIPAL LIGHT COMMISSION OF TAUNTON *vs.* CITY OF TAUNTON & others.

Bristol.    May 4, 1948. — June 9, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, SPALDING, & WILLIAMS, JJ.

*Taunton. Municipal Corporations,* Officers and agents, Municipal lighting plant. *Public Officer. Declaratory Judgment. Equity Jurisdiction,* Declaratory relief.

The municipal light commission of Taunton, established by Spec. St. 1919, c. 150, are public officers under legislative mandate, and are not subject to ordinances of the city governing the awarding of contracts and fixing of salaries.

Chapter 231A of G. L. (Ter. Ed.), inserted by St. 1945, c. 582, § 1, confers no jurisdiction for determining the validity or possible effect of proposed municipal or other legislation.

BILL IN EQUITY, filed in the Superior Court on August 5, 1947, and afterwards amended.

The case was heard by *Donahue,* J.

*L. Withington & S. N. Towle, Jr.,* for the plaintiffs, submitted a brief.

No argument nor brief for the defendants.

DOLAN, J.    The plaintiffs in this bill in equity are the three members of the municipal light commission of the city of Taunton, established under the provisions of Spec. St. 1919, c. 150.    The defendants are the city of Taunton, its mayor, its city clerk, and the members of its municipal council.    The bill was brought in the Superior Court under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, for a binding declaration that two certain city ordinances and a proposed

ordinance are invalid and not binding on the plaintiffs. It was agreed by the parties that the facts set forth in the bill as amended are true, and that the bill sets forth all facts material to the issues raised by the pleadings. This agreement was entitled "case stated" and the case was heard by the judge thereon.

The material facts are these: The first ordinance in question (c. 9, § 5, of the Revised Ordinances of the city) provides so far as here material as follows: "No contract for construction work whether for repairs or original construction or for apparatus, equipment, supplies or other material the estimated cost of which amounts to five hundred (500) dollars or more, except in case of emergency involving the health and safety of the people or their property shall be awarded by the municipal council, any committee thereof, city official, board or commission having jurisdiction and supervision over the subject matter, unless sealed proposals for the same have been invited by advertisements inserted in at least one newspaper published in the city of Taunton once a week for two consecutive weeks the last publication to be at least one week prior to the date and time stated therein for the opening of said proposals . . . the city shall reserve the right to reject any and all proposals. All proposals shall be opened in public and in the presence of at least a majority of the members of the municipal council if they are authorized or the duty devolves upon them to make the award, or of a committee designated by them to act in the matter, and, in the case of a board or commission, in the presence of at least a majority of membership thereof and in the case of an official of the city government, in his presence and that of the mayor, and, at least a majority of the members of the committee on finance and salaries of the municipal council." "On July 1, 1947, at a regular meeting of members of the municipal council . . . it was voted that the plaintiffs be notified that in the future, in accordance with city ordinances, . . . no expenditures over $500 be made without sealed bids and after being advertised in local newspaper, and the plaintiffs were so notified by letter dated July 2, 1947, signed by the de-

fendant, Henry L. Galipeau, clerk." In the matter of that ordinance the plaintiffs contend that they are not officers or employees of the city under the control of its municipal council, and are not bound by the ordinance.

The second ordinance in question is § 1, cl. 31, of c. 18 of the Revised Ordinances of the city, pertaining to salaries of janitors, matrons and custodians, which so far as here pertinent provides as follows: "Custodians Janitors and matrons (city hall, sanitaries) $30 to $33 Junior building custodians (sanitaries) $30 to $33 Junior custodian $36.40 to $38 Senior building custodian $39.60 to $43." "On July 8, 1947, at a regular meeting of members of the municipal council . . . it was voted that the plaintiffs be requested to bring up the salary of the junior custodians so as to conform with the city ordinance, and the plaintiffs were so notified by letter dated July 9, 1947, signed by the defendant, Henry L. Galipeau, clerk." The contention of the plaintiffs concerning that ordinance is the same as that with respect to the first ordinance.

The proposed ordinance prescribing eligibility requirements of persons seeking employment by the city of Taunton is pending before the municipal council. The provisions of the proposed ordinance are as follows: "Section 1. No person shall be eligible for employment by the city of Taunton in any of its several departments unless he or she is a legal resident of the city of Taunton and has domiciled in said city for at least one year, with the exception of the school department the policy and administrative duties thereof being vested under the law in the school committee the members of which being elected as city officials by the registered voters of the city of Taunton. Section 2. If the head of any department or a majority of the members of any board or commission deem it necessary or advisable to employ persons who are not legal residents of the city of Taunton advanced approval of such action must be obtained by a two-thirds vote of the membership of the municipal council after an order introduced therein, in each instance, suspending the applicable provisions of section 1 of this ordinance. . . ." At a meeting of the members of

the municipal council it was stated by one of its members that this ordinance was designed to take effect immediately in the case of the commercial representative of the "Taunton municipal lighting plant."

The judge "ordered that a decree . . . be entered to the effect that the ordinances of the city are invalid in so far as any attempt is made by them to control the municipal light commission in the performance of its duties, and that the proposed ordinance will be invalid in so far as it attempts to control the employment of persons by the municipal light commission," and reported that action to this court, it being agreed that if his order was correct decree is to be entered accordingly, otherwise such decree to be entered as this court deems proper.

The act establishing the municipal light commission for the city of Taunton provides as follows: "Section 1. The mayor of the city of Taunton shall, within thirty days after the passage of this act, appoint a municipal light commission to consist of three citizens of said city, who shall not hold other public office therein, and who shall serve for two, four and six years, respectively, from the first day of May, nineteen hundred and nineteen; and every two years thereafter, the mayor shall appoint one member for a term of six years. The commission shall select one of its members as chairman, to serve as such during its pleasure. The commission shall have and exercise the powers and be subject to the duties relative to the municipal lighting plant of said city which are now conferred or imposed by law upon the mayor, and shall have in addition all the powers and duties now conferred or imposed by law upon municipal light boards in towns. The members of the commission shall be paid from the receipts of, and annual appropriations for, the municipal lighting plant, such compensation as the municipal council shall from time to time determine. Any vacancy in the said commission shall be filled by the mayor within thirty days after its occurrence. Section 2. The commission shall establish the office of manager and fix his salary. The manager shall be removable by said commission for cause after due notice and hearing, and shall not be a member of

the commission. Section 3. All acts or parts of acts inconsistent herewith shall not hereafter apply to the city of Taunton. . . ." The act thus confers upon the commission the powers and duties formerly conferred or imposed by law upon the mayor, and also all the powers and duties conferred or imposed by law upon municipal light boards in towns. The act establishing the commission divested the mayor of all powers previously vested in him and vested them instead in the commission.

The legislative history concerning the establishment of the Taunton lighting plant is set out in *Capron* v. *Taunton,* 196 Mass. 41. In that case it was pointed out that, while by earlier statutes the general management of the business was to be exercised by an officer with the title of manager, among the duties imposed upon him were those of hiring and discharging employees "subject to any ordinances established by the city council," but that nevertheless by subsequent amendments, after providing for the appointment of the manager and designating his powers and duties, it was provided that, instead of the duties of the manager being subject to regulations of either ordinances or by-laws, the right of supervision was conferred solely upon the mayor. See R. L. c. 34, § 20, as appearing in St. 1905, c. 410, § 3; *Rockhill Iron & Coal Co.* v. *Taunton,* 273 Fed. 96, 99. By Spec. St. 1919, c. 150, the municipal light commission for the city of Taunton was created. That act, under which the commission has operated since, provides as before noted that the "commission shall have and exercise the powers and be subject to the duties relative to the municipal lighting plant of said city which are now conferred or imposed by law upon the mayor, and shall have in addition all the powers and duties now conferred or imposed by law upon municipal light boards in towns." In *Whiting* v. *Mayor of Holyoke,* 272 Mass. 116, 118–120, the court in interpreting the statute creating the municipal gas and electric commission of the city of Holyoke (St. 1922, c. 173), the same in its terms as that with which we are here concerned, said in substance that by the terms of the statute the mayor was divested of all powers and duties

previously exercised by him under G. L. c. 164, that those powers and duties were vested by St. 1922, c. 173, in the commission, and that it was the manifest "design of the statutes governing Holyoke . . . to vest exclusive managerial powers in the commission and their appointees," subject to large supervision by other public officers and particularly by the department of public utilities as provided in c. 164.

It is well settled by the decisions of this court in which statutes similar to that in the present case creating municipal light commissions were considered, that where cities and towns are authorized to enter the field of business enterprises like the manufacture of gas and electricity they do it, not under the laws relating to private corporations, but under special statutory provisions; that, the offices of the plaintiffs having been created and their duties defined by statute, they must be held to be public officers under legislative mandate, and not agents of the city; that the design of the statute in the present case is to vest exclusive managerial powers in the commission subject to the supervision of other public officers and particularly of the department of public utilities of the Commonwealth as provided by G. L. (Ter. Ed.) c. 164, *Whiting* v. *Mayor of Holyoke*, 272 Mass. 116; and that the commission can exercise its functions subject only to the provisions of c. 164. *Adie* v. *Mayor of Holyoke*, 303 Mass. 295. It is also settled that a municipality can exercise no direction or control over one whose duties have been defined by the Legislature. *Adie* v. *Mayor of Holyoke*, 303 Mass. 295, 299. *Breault* v. *Auburn*, 303 Mass. 424, 428. *Gibney* v. *Mayor of Fall River*, 306 Mass. 561, 565. *Sweeney* v. *Boston*, 309 Mass. 106, 110.

It follows from what we have said that the two existing ordinances concerning which adjudication is sought have no application to the affairs of the commission, the management of which rests exclusively in the commission subject to the provisions of G. L. (Ter. Ed.) c. 164.

Concerning the prayer of the bill for adjudication as to the validity or effect of the proposed ordinance if enacted, we are of opinion that such an adjudication should be re-

fused. The declaratory judgment statute provides in § 2, so far as here material, that proceedings thereunder "may be used to secure determinations of right, duty, status or other legal relations under . . . a charter, statute, municipal ordinance or by-law . . . including determination of any question of construction or validity thereof which may be involved in such determination." We interpret this to mean existing charters, statutes, ordinances or by-laws, and are of opinion that no jurisdiction is conferred by the statute to determine the validity or possible effect of mere proposed municipal or other legislation.

A decree is to be entered adjudging that the existing ordinances called into question by the plaintiffs have no application to the municipal light commission of the defendant city, and that adjudication as to the validity of the proposed ordinance or its applicability to the commission if enacted is denied.

*So ordered.*