MABEL FRANCES SADLER vs. INDUSTRIAL TRUST COMPANY, trustee, & others
(and another case[1]).

Bristol.    January 3, 1951. — February 8, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Jurisdiction*, Trust, Nonresident. *Trust*, Situs. *Probate Court*, Parties, Decree. *Equity Jurisdiction*, Declaratory relief. *Equity Pleading and Practice*, Declaratory proceeding, Decree, Parties. *Res Judicata*. *Declaratory Judgment*.

A petition in a Probate Court under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, for a declaratory decree as to the petitioner's rights as a beneficiary under an inter vivos trust was properly dismissed for want of jurisdiction over the trustee as an indispensable party where

---

[1] The other case is by the same petitioner against Thomas G. Sadler, Junior, and two others, who are three of the respondents in the first case.

it appeared that the situs of the trust was in Rhode Island, in which State the trustee, a banking corporation, was incorporated and had its place of business, the indenture of trust was executed, the trust property was located and the trust was administered, although the residences of the settlor and of the beneficiaries were in Massachusetts, and that the trustee was served only by registered mail and publication and entered no appearance.

A decree of a Probate Court, properly dismissing a petition under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, for determination of the petitioner's rights as beneficiary under an inter vivos trust for the reason that the trustee, an indispensable party, although named as a party in the petition, was not before the court, barred on the ground of res judicata a subsequent and substantially similar petition under c. 231A in which the trustee was not named as a party and all parties were parties to the first petition.

Two PETITIONS, filed in the Probate Court for the county of Bristol on March 28, 1949, and on July 18, 1949, respectively.

The cases were heard by *Fuller*, J.

*F. W. L. Miles*, (*C. J. Wilkins* with him,) for the petitioner.

*A. E. Whittemore*, (*S. H. Tucker & J. R. Hally* with him,) for the respondents.

WILKINS, J. These are two petitions for a declaratory decree brought by the widow of Thomas G. Sadler, late of Attleboro. G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1. The second petition was brought after the first had been dismissed on the ground that Industrial Trust Company, a Rhode Island corporation named as a respondent, was a necessary party and was not subject to the jurisdiction of the court. Industrial Trust Company is not named as a party in the second petition. In each case a plea to the jurisdiction was sustained, the petition was dismissed, and the petitioner appealed.

### THE FIRST CASE.

In this petition the widow seeks a binding declaration as to her rights as life beneficiary under two trust indentures executed by her late husband, "including such rights as she now enjoys thereunder and such rights as she will have under said inter vivos trusts after she has filed a

waiver of her husband's will." The petition also prays for an interpretation of a certain paragraph "o," common to the two instruments, which recites that the provisions for the wife are in lieu of dower and will cease in the event she elects to claim dower. The petition asks for a decree "declaring that your petitioner shall lose no rights whatever under the trust indentures so long as she makes no statutory claim of dower in the property of her late husband." The named respondents are the trustee under the instruments, Industrial Trust Company, a foreign corporation not subject to the service of process, which has filed no appearance; and the three children of Thomas G. Sadler and other persons having remainder interests under the trust instruments.

The petitioner's brief states that the "only matter to be determined here is what effect the action of the widow in waiving the provisions of her husband's Massachusetts will as provided in G. L. (Ter. Ed.) c. 191, § 15, would have on paragraph 'o.'" We pass by the question whether this is an appropriate case for relief because of the contingency arising out of the fact that the waiver of the will has not been filed. *Municipal Light Commission of Taunton* v. *Taunton*, 323 Mass. 79, 84–85. Borchard, Declaratory Judgments (2d ed.) 56 et seq. See *Cole* v. *Chief of Police of Fall River*, 312 Mass. 523, 526. Likewise we do not consider the question whether an actual controversy exists between the petitioner and the respondents.

The trusts were executed in Rhode Island, and consist entirely of personal property which was transferred to the trustee by the settlor at the times the trusts were executed. The trustee is a Rhode Island banking corporation with its place of business in Providence in that State, and the trusts are administered entirely in that State. The situs of the trusts is in Rhode Island, where are found the trustee and the trust property, notwithstanding the residence of the beneficiaries in this Commonwealth (*Harvey* v. *Fiduciary Trust Co.* 299 Mass. 457, 464) and notwithstanding the former residence here of the settlor. *National Shawmut*

*Bank* v. *Cumming,* 325 Mass. 457, 463–464. *Isaacson* v. *Boston Safe Deposit & Trust Co.* 325 Mass. 469, 472. The trustee is accountable only in Rhode Island. *Sewall* v. *Wilmer,* 132 Mass. 131, 137. *Greenough* v. *Osgood,* 235 Mass. 235, 238. The decree describes the trustee as a necessary party. It is at least that. *First National Bank* v. *Crafts,* 145 Mass. 444, 447. *Martin* v. *Smith,* 280 Mass. 101, 106. *Bayer & Mingolla Construction Co. Inc.* v. *Streeter,* 318 Mass. 311. *Old Colony Trust Co.* v. *Wood,* 321 Mass. 519, 525–526. In our opinion, the trustee is an indispensable party to any adjudication of the life beneficiary's interests under the trusts. Justice requires that the trustee be bound by the declaration and not left free to raise the same question, for example in an accounting, with the same parties at a later date. *Turner* v. *United Mineral Lands Corp.* 308 Mass. 531, 538–539. The judge was right in dismissing the petition. G. L. (Ter. Ed.) c. 231A, § 8, inserted by St. 1945, c. 582, § 1. *Kilroy* v. *O'Connor,* 324 Mass. 238, 242–243. See *Brookline* v. *Co-Ray Realty Co. Inc.* 326 Mass. 206, 213.

No jurisdiction to enter a decree in personam against the trustee was acquired by service by registered mail and publication. *Pennoyer* v. *Neff,* 95 U. S. 714. *Eliot* v. *McCormick,* 144 Mass. 10. *Hildreth* v. *Thibodeau,* 186 Mass. 83. See *Beardsley* v. *Hall,* 291 Mass. 411, 417; *Rosenthal* v. *Maletz,* 322 Mass. 586, 590; *Gulda* v. *Second National Bank,* 323 Mass. 100, 104.

*Decree affirmed.*

### The Second Case.

The decree dismissing the first petition was entered on June 27, 1949, and on July 18, 1949, the second petition was brought against the children of Thomas G. Sadler. As noted above, the trustee is not named as a party respondent. The second petition refers in general terms to the two trust instruments, and quotes paragraph "o," but the prayers, without mentioning the trust instruments, ask a determination whether the petitioner by waiving the

will under G. L. (Ter. Ed.) c. 191, § 15, as matter of law, is claiming dower in the real estate of her husband. Obviously, the two petitions are in substance the same. See *Siegel* v. *Knott*, 318 Mass. 257, 262. All the parties to the second case are parties to the first. The decision in the first case is res judicata here.

*Decree affirmed.*