GERALD M. ERRICO *vs.* MAYOR OF REVERE & others.[1]

Suffolk. April 3, 1967. — May 4, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Municipal Corporations,* Officers and agents. *Taxation,* Assessors.

The term of office of a veteran appointed an assessor, without the statement of any specific term, by the city manager of a city under a Plan E charter was, by virtue of G. L. c. 41, § 24, for three years and thereafter until his successor was appointed, so that his position was "an appointive office for a fixed term" within § 112A and he could be involuntarily separated from office without compliance with c. 31, §§ 43, 45, even though he had held that office for more than five years and was a "holdover occupant" thereof when the city accepted c. 41, § 112A, and upon the city's acceptance of the Plan B charter and the mayor's appointment of a successor, the veteran ceased to hold office.

BILL IN EQUITY filed in the Superior Court on January 12, 1966.

The suit was heard by *Moynihan, J.*

The case was submitted on briefs.

*Mark E. Gallagher* for the plaintiff.

*Ralph F. Martino* for the defendants.

---

[1] The city and two named assessors.

CUTTER, J.   Errico seeks declaratory relief concerning his employment by the city as chairman of its board of assessors.  The case is before us on a statement of agreed facts.

On August 11, 1958, Errico was appointed (without the statement of any specific term in the notice of appointment) a member of the Revere board of assessors by the city manager.  Revere was then under a Plan E charter.  See G. L. c. 43, §§ 1 to 45, 93 to 116, as amended.  An ordinance (§ 2–96) adopted in 1953 provided that there should be three assessors appointed by the city manager "who shall serve until their successors are appointed and qualified" and that the city manager should fill any vacancy.  In the election of November, 1964, Revere accepted the Plan B charter.  See G. L. c. 43, §§ 1–45, 56–63, as amended.  On January 10, 1966, the mayor nominated two of the defendants (see fn. 1) to be members of the board of assessors.  They were confirmed that day by the city council.  Errico was a veteran of the type referred to in G. L. c. 41, § 112A (inserted by St. 1947, c. 276), which had been accepted in Revere.

The trial judge ruled (1) that Errico's term, see G. L. c. 41, § 24,[2] "was for three years and thereafter until his successor was duly elected or appointed"; (2) that the position of assessor thus was "an appointive office for a fixed term" under c. 41, § 112A;[3] (3) that Errico "could be involuntarily separated from office without compliance with" G. L. c. 31, §§ 43, 45; (4) that this result was not affected by the fact that Errico "was a holdover occupant of the office"

---

[2] Section 24 (as amended through St. 1953, c. 267, § 2) reads, ". . . The assessors in every city . . . shall be . . . appointed as otherwise provided by law; but as nearly one third of their number as may be shall be . . . appointed annually, each to hold office for three years and thereafter until his successor is duly elected or appointed."

[3] Section 112A (inserted by St. 1947, c. 276) reads in part, "A veteran . . . who holds in the service of a city which accepts this section . . . an office or position not classified under . . . [c. 31], other than . . . *an appointive office for a fixed term* . . . and has held such office or position for not less than five years, shall not be involuntarily separated from such office or position except . . . in accordance with" c. 31, §§ 43 and 45 "to the same extent as if said office or position were classified under" c. 31 (emphasis supplied).

when Revere accepted c. 41, § 112A; and (5) that the mayor's appointment on January 10, 1966, of two assessors, was the appointment of Errico's successor in office with the consequence that he then ceased to hold office. Errico appeals from a final decree making declarations in accordance with the judge's rulings.

Errico, of course, received no protection from c. 41, § 112A (fn. 3), if his appointment was "for a fixed term." The trial judge was right in ruling that the appointment, by virtue of c. 41, § 24, was for a three year term. Very general statutory language relating to the Plan E form of charter (G. L. [Ter. Ed.] c. 43, §§ 104, 105[4]) to the effect that the city manager "shall make all appointments and removals," does not operate to make indefinite for assessors (who are public officers required by c. 41, § 24) the specific term of three years provided by § 24 (fn. 2). See the discussion in *City Manager of Medford* v. *Civil Serv. Commn.* 329 Mass. 323, 324. We need not consider whether and to what extent § 105 may have given authority to the former city manager to remove his appointees. To the extent that removal power existed, it existed by virtue of a statute (e.g. § 105). It thus had no tendency to show that under § 24 Revere assessors were not appointed for a fixed term. Cf. *Adie* v. *Mayor of Holyoke,* 303 Mass. 295, 299–302. The question now before us was not presented in *Curry* v. *Cambridge,* 351 Mass. 28.

We hold that, in the circumstances, Errico gains no benefit from § 112A.

*Final decree affirmed.*

---

[4] Section 105 reads in part, "Such officers . . . as the city council, with the advice of the city manager, shall determine are necessary for the proper administration of the . . . boards . . . of the city for whose administration the city manager is responsible shall be appointed, and may be removed, by the city manager." Assessors, of course, are officers whose duties are largely prescribed by statute. See G. L. c. 59. We would be slow to hold that general statutory language relating to standard form charters affected the precise provisions of c. 41, § 24, in the absence of a clear indication of legislative intention that this be the result.