DANIEL GOLUBEK & another[1] *vs.* WESTFIELD GAS & ELECTRIC LIGHT BOARD. No. 91-P-50. May 15, 1992. *Municipal Corporations*, Municipal light board, Officers and agents.

Daniel Golubek, the manager of the city of Westfield Gas and Electric Light Department (the manager), see G. L. c. 164, § 56, and the Westfield Gas and Electric Light Department Management Guild (the guild), brought an action for declaratory judgment against the city of Westfield Gas and Electric Light Board (the board), see G. L. c. 164, § 55.[2] At the center of the controversies is a dispute about the power of the board. The plaintiffs claim, and the board denies, that the board exceeded its statutory authority in (i) hiring labor relations consultants and (ii) in establishing a

---

[1]Westfield Gas and Electric Light Department Management Guild.

[2]The complaint includes a statement of the agreed issues as well as a statement of the agreed material facts. It is signed by counsel to all three parties; no answer was filed. In substance, the complaint adequately states actual controversies between the plaintiffs and the defendant, and we therefore treat the complaint as including an answer which admits the existence of the controversies. See G. L. C. 231A, § 1.

hiring policy for the operation of the plant.[3] We affirm the judgment declaring that the board exceeded its authority.

1. *The statutory background.* Municipalities have been authorized to own lighting plants since 1891, see St. 1891, c. 370. The operation of the plant was entrusted to a "manager" who was required to "act under the direction" of the municipal light board. See St. 1893, c. 454, § 10. In 1905, the statutory description of the manager's relationship to the board was modified to require that the manager act "under the direction *and control* of the . . . municipal light board. . ." (emphasis added). See St. 1905, c. 410, § 3.[4] General Laws c. 164, § 56, carries forward the provisions of St. 1905, c. 410, § 3, quoted above. In 1958, c. 164, § 56, was amended to expand the statutory power of the manager to hire not only all "agents and servants," but attorneys as well. See St. 1958, c. 160.

The relationship between the manager and the board has been characterized in these words: "[T]he management and operation of the plant is in the board . . . by virtue of G. L. c. 164, § 55, and in the manager acting under them as their executive officer by virtue of § 56." *Commonwealth* v. *Oliver*, 342 Mass. 82, 85 (1961). By reason of that subordinate relationship, the board "could frame such general regulations concerning the exercise by . . . [the manager] of his statutory powers as were found to be reasonably required, and as did not violate the statute." *Capron* v. *Taunton*, 196 Mass. 41, 44 (1907). Among the statutory powers of the manager is the hiring of all employees, including (as noted above) attorneys. See *ibid.* and G. L. c. 164, § 56.

2. *Discussion.* On June 13, 1990, the board voted to "retain Sheridan and Associates . . . as labor consultants for labor negotiations for a term of one year." On June 26, 1990, the manager signed an agreement with a law firm for the same purpose, and on July 23, 1990, the city solicitor notified the manager that in so doing he had exceeded his powers.

We agree with the judge that the board exceeded its powers. Section 56 expressly allocates to the manager the power to hire all agents, servants, and attorneys required for the operation of the plant. The statutory qualification that the manager act under the direction and control of the board, upon which the board relies, does not require a different result. The power to give "direction" has been described as the power to give "general instructions as to the manner of doing" a required act. *Berkshire Woollen Co.* v. *Day*, 12 Cush. 128, 130 (1853). "Control" means the authority to "regulate, direct or dominate." The American Heritage Dictionary of the English Language 290 (1969 ed.). Taken together, the words "under the direction and control . . . of the board" mean that the board has the

---

[3]A third dispute, having to do with the collective bargaining agreement between the guild and the board, is not before us. The judge decided the issue in favor of the guild, and the board has waived that issue.

[4]See now G. L. c. 164, § 55, as appearing in St. 1979, c. 156, giving the municipal light board the power "to maintain and operate" lighting plants.

power to give the manager general directions with regard to the operation of the plant including general directions as to the engagement of labor relations consultants. The board might, for example, direct that a national search be undertaken, or that the consultant have particular qualifications. But it is clear to us that the board's power under § 56 to direct and control the manager does not include the power to hire agents, servants, and attorneys; that power, by statute, is expressly vested in the manager alone.

The board also points to § 28 of the city's charter which requires all contracts made by the board which involve more than $500 to be in writing and approved by the mayor and the board. This charter provision cannot alter the statutory power of the manager to hire employees and attorneys. See *Municipal Light Commn. of Taunton* v. *Taunton*, 323 Mass. 79, 84 (1948).

The board has not argued the remaining issue of the board's adoption of a hiring policy, and thus we are not obliged to consider the issue. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). In any event, the board did not adopt a genuine hiring policy setting out hiring guidelines, standards and the like; it merely adopted a policy that any vacancy in the department could be filled only with the approval of the board. That is an unauthorized interference with the power of the manager to hire, and, for the reasons stated above, the policy of the board exceeded its powers.

*Judgment affirmed.*

*Richard T. Dolan* for the defendant.
*Martin O'Connell* for Daniel Golubek.
*Robert W. Shute* (*Andrea L. Brunault* with him) for Westfield Gas & Electric Light Department Management Guild, were present but did not argue.