# City of Somerville *vs.* Labor Relations Commission.

No. 98-P-1206.

Suffolk. March 10, 2000. - December 19, 2001.

Present: Armstrong, C.J., Perretta, & Beck, JJ.

*Municipal Corporations,* Collective bargaining. *Labor,* Collective bargaining.

The city clerk and assistant city clerk of Somerville were within the legislative branch of its government, and therefore not entitled to collective bargaining rights under G. L. c. 150E, § 10, where the clerks' duties enumerated by the city's ordinances consisted primarily of legislative support functions; where the board of aldermen (board) had the power to elect and remove the city clerk, who appointed the assistant clerk with the approval of the board; where the board had implicit authority to exercise a degree of control over the positions; and where the provisions of the city charter applicable to the clerks were generally incompatible with the provisions applicable to executive officers and employees. [411-415]

Appeal from a decision of the Labor Relations Commission.

*John M. Carey* for the plaintiff.

*John B. Cochran* for the defendant.

Armstrong, C.J. In the spring of 1990, the city of Somerville, which had a collective bargaining agreement with the Somerville Municipal Employees Association as the exclusive collective bargaining representative for a unit of the city's supervisory employees, ceased applying the terms of that agreement to the positions of city clerk and assistant city clerk. These positions had been explicitly included in collective bargaining agreements since 1958. The duties of the city clerk have not changed since that time.

The union filed a charge of prohibited practices with the Labor Relations Commission, and the commission found that the city's action violated § 10(*a*)(1) and (5) of G. L. c. 150E,

the public employee collective bargaining statute.[1] It ordered the city, in pertinent part, to bargain in good faith with the union concerning these positions and to apply to them the terms of the collective bargaining agreement for the supervisory unit. The city appealed from the commission's decision.

The city contends that the city clerk and assistant city clerk are not entitled to collective bargaining rights under G. L. c. 150E because the statute's coverage is limited to employees of the executive and judicial branches of government, and the positions of city clerk and assistant city clerk are in the legislative branch.[2,3] The commission has recognized that legislative branch employees are not covered under c. 150E, see *City of Lawrence and SEIU, Local 254, AFL-CIO,* 13 MLC 1632, 1640 (1987), but here was not satisfied that the position of city clerk was within the legislative branch. The commission's decision rested on its determination of a point of law which depended almost entirely on statutes and provisions of the City of Somerville Code. This is not, in other words, a case in which significant weight must be accorded to the commission's superior knowledge of the intricacies of labor relations, as in *School Comm. of Wellesley* v. *Labor Relations Commn.,* 376 Mass. 112, 116 (1978), and *Massachusetts Org. of State Engrs. & Scientists* v. *Labor Relations Commn.,* 389 Mass. 920, 924 (1983); nor does it turn on an interpretation of a statute within

[1]General Laws c. 150E, § 10(*a*)(1) and (5), provides, in pertinent part, that it is a prohibited practice for a public employer to: "(1) [i]nterfere, restrain, or coerce any employee in the exercise of any right guaranteed under this chapter;" or to "(5) [r]efuse to bargain collectively in good faith with the exclusive representative . . . ."

[2]Section 1 of c. 150E defines an employee covered by the statute as "any person in the executive or judicial branch of a government unit employed by a public employer." See *Massachusetts Probation Assn.* v. *Commissioner of Admn.,* 370 Mass. 651, 663 (1976) (c. 150E covers only executive employees); and St. 1977, c. 278, § 1, which amended c. 150E to extend coverage to judicial employees.

[3]The remainder of this opinion will refer only to the city clerk, but will apply to the assistant city clerk as well. Both positions are in the same branch of government. The assistant city clerk works under the direction or in the absence of the city clerk, and the two have identical powers and duties. The city clerk, with the approval of the board of aldermen, appoints and removes the assistant city clerk under the City of Somerville Code § 2-105. General Laws c. 41, § 18, permits a city, by ordinance, to establish the office of assistant city clerk and prescribe the manner of appointment.

its charge, thus entitling the commission's view to a degree of deference, as in *Massachusetts Community College Council MTA/NEA* v. *Labor Relations Commn.*, 402 Mass. 352, 353 (1988). Rather, the pivotal question is one of general municipal law: whether the positions of city clerk and assistant city clerk in Somerville are in the legislative branch of the city's government and are thus exempt from the provisions of c. 150E. This court should not compel the city to continue applying the terms of the collective bargaining agreement to the city clerk if doing so would improperly extend collective bargaining rights to a legislative employee not covered by c. 150E. Cf. *Lynn* v. *Labor Relations Commn.*, 43 Mass. App. Ct. 172, 180-181 (1997) (court refrains from enforcing collectively bargained-for just cause dismissal provision where its application would be incompatible with statutory mandate).

To ascertain what branch of government is the employer with respect to a particular position, factors to consider include (1) the method of hiring; (2) the basis of compensation; (3) the power of dismissal; (4) the power of control. See 1 Rothstein, Craver, Schroeder, & Shoben, Employment Law § 1.28, at 120 (2d ed. 1999). See also *Massachusetts Probation Assn.* v. *Commissioner of Admn.*, 370 Mass. 651, 657-663 (1976), in which the court enumerated the following factors to show that probation officers were judicial employees: (1) members of the judiciary had the power to appoint, demote and remove, establish work standards and make rules concerning supervision and duties of probation officers; (2) compensation was established by the Legislature, but duties were closely allied with the judicial work of the court; and (3) in practice as well as by statute, day-to-day and ultimate control over probation officers was vested in the judiciary.

The powers and duties of the city clerk are prescribed both by the city's charter and ordinances and by statutes of general application. The duties enumerated by the City of Somerville Code consist primarily of legislative support functions: the city clerk is clerk of the board of aldermen; has charge of their journals, records, and documents; attends and opens their meetings; keeps a journal of their votes and proceedings; and, with the approval of the board of aldermen, appoints or removes the

assistant city clerk. See City of Somerville Code §§ 81, 2-101 to 2-105. Other duties include attesting all warrants and remitting moneys received to the city treasurer. See *ibid.*

Responsibilities the clerk is given by the General Laws include legislative support functions (see, e.g., G. L. c. 43, § 18[3]) and also duties that are not, on their face, legislative. Among the city clerk's numerous statutorily prescribed duties are: issuing licenses[4]; maintaining birth, death, and marriage records (c. 46, § 1); receiving and filing copies of physicians' certificates of registration (c. 112, § 8); filing city contracts (c. 41, § 17); acting as custodian of the records of the planning board (c. 41, § 81A); and preparing and providing ballots in city primaries (c. 53, § 32). See Randall & Franklin, Municipal Law and Practice § 221, at 292-295 (4th ed. 1993).

Because the duties prescribed by ordinance and statute include both legislative and non-legislative functions, these cannot alone determine whether the Somerville city clerk is a legislative employee. We turn, therefore, to consider the entity vested with authority to exercise control over the position.

The power to hire and fire the city clerk is vested in the legislative branch. The city clerk is elected for a three-year term by the board of aldermen, G. L. c. 43, § 18, and may be given permanent tenure pursuant to c. 41, § 19B. A permanently tenured city clerk may be removed for cause by the appointing authority. See G. L. c. 41, § 19D. A city clerk serving for a three-year term, like Somerville's, may be removed from office as well — he is to "serve until the qualification of his successor unless sooner removed . . . ." G. L. c. 41, § 12.[5] Section 12 does not specify the mechanics for removal of a city clerk serving a three-year term.[6] Where, as here, the statute makes clear that there is a power of removal, but does not state where it

---

[4]See G. L. c. 207, §§ 19-37 (marriage); c. 131, § 12 (hunting and fishing). See also c. 140, § 202 (licenses regarding, among other things, junk, old metals, second hand articles, pawnbrokers, bowling alleys, pool halls, roller skating rinks, carousels, picnic groves).

[5]General Laws c. 41, § 12, applies to cities, of which Somerville is one, that accepted St. 1901, c. 332.

[6]The general rule that the power to remove is incident to the power to appoint does not apply where, as here, tenure is fixed by law for a definite period. See *Adie* v. *Mayor of Holyoke,* 303 Mass. 295, 301 (1939). The *Adie*

resides, there is no reason to vest the removal authority in an officer or body other than the appointing authority. In Somerville's case, that result had been expressed specifically in two special acts, see St. 1918, c. 127, supplemented by St. 1919, c. 98, § 6, which had extended tenure to the clerk. The repeal of those statutes by St. 1989, c. 355, so as to restore the clerk to a three-year term as specified in St. 1901, c. 332, does not appear to have been intended to alter the power of the board of aldermen to exercise the power of removal. Thus, we conclude that Somerville's board of aldermen has the power both to elect and to remove the city clerk. See generally 4 McQuillin, Municipal Corporations § 12.233.15, at 386 (3rd ed. 1992) ("Although the contrary has also been held, the general rule seems to be that in the absence of law vesting elsewhere the power of removing municipal officers, it rests with the council or governing body") (footnotes omitted); Annot., Power to Remove Public Officer Without Notice and Hearing, 99 A.L.R. 336, 363-368 (1935).

The record lacks detailed evidence concerning the role of the board of aldermen in regulating the day-to-day activities of the city clerk. In a letter denying the grievance filed in the case, the board stated that it exercised day-to-day control over the position, and that assertion has not been controverted. Such control is probably implicit as a practical matter in the facts that the clerk holds his office only for a relatively short term, and that the power of reappointment as well as a power to remove remain in the board of aldermen.

In addition, title 4, § 21, of the City of Somerville Code enumerates the executive branch officers and employees subject to hiring by the mayor — a list that does not include the city clerk; and the provisions of the collective bargaining agreement concerning the posting of and appointment to vacant positions subject to the collective bargaining agreement are at variance with the statutory provision for appointment of the clerk by the board of aldermen.

The city clerk's appreciable legislative support duties, taken together with the board of aldermen's power to elect and to

---

case recognizes that the exception is inapplicable if, as here, a statutory provision provides for a power of removal. See *ibid.*

remove him, their implicit authority to exercise a degree of control over the position, and the general incompatibility between the provisions of the charter applicable to the city clerk and those applicable to executive officers and employees, all lead us to conclude that the city clerk of Somerville is within the legislative branch of its government, and that its occupants are not entitled to collective bargaining rights under c. 150E.

*Decision of commission reversed.*