CITY OF SOMERVILLE *vs.* SOMERVILLE MUNICIPAL
EMPLOYEES ASSOCIATION.

No. 06-P-1299.

Middlesex. March 9, 2007. - July 23, 2007.

Present: PERRETTA, BROWN, & CYPHER, JJ.

Further appellate review granted, 450 Mass. 1101 (2007).

*Arbitration,* Authority of arbitrator, Collective bargaining. *Municipal Corporations,* Collective bargaining, *Public Employment,* Collective bargaining.

In a civil action, the judge properly entered judgment affirming the award of an arbitrator in favor of the defendant municipal employees' union on the ground that the plaintiff city had violated a collective bargaining agreement (CBA) by failing to appoint a union employee to a union position (director of veterans' services), where the provision of the CBA requiring, under certain circumstances, that preference be given to a qualified senior union member was not in conflict with G. L. c. 115, § 10, which authorizes the mayor of the city to appoint a director of veterans' services, and therefore, the appointment process was subject to arbitration. [585-588]

CIVIL ACTION commenced in the Superior Court Department on July 22, 2005.

The case was heard by *Herman J. Smith, Jr.,* J., on a motion for judgment on the pleadings.

*Matthew J. Buckley,* Assistant City Solicitor, for the plaintiff.

*James F. Lamond* for the defendant.

CYPHER, J. The city of Somerville (city) appeals from a judgment of the Superior Court affirming an arbitrator's award in favor of the Somerville Municipal Employees Association (union). The arbitrator found that the city had violated the collective bargaining agreement applicable to unit B employees (CBA) by failing to appoint Paul Nelson, a city employee within unit B of the union, to the position of director of veterans' services and instead appointing Frank P. Senesi, an "outside" candidate.[1]

---

[1] The union represents two groups of city employees, unit A and unit B, and

Although the city concedes that the veterans' services director is a union position within unit A, it claims that the authority granted to the mayor by G. L. c. 115, § 10, to appoint a veterans' services director is exclusive and nondelegable, and therefore not a proper subject for collective bargaining and arbitration.[2] We conclude that because no material conflict exists between the CBA and G. L. c. 115, § 10, the selection process was a proper topic for the CBA and subject to arbitration, and the Superior Court judge properly affirmed the arbitrator's award.

*Background.* In October, 2003, the city sought candidates for the then vacant position of veterans' services director. Eight persons applied and were interviewed and evaluated by the city's director of personnel, who recommended that Senesi be appointed to that position by the newly-elected mayor in January, 2004. The union, on behalf of Nelson, an unsuccessful applicant and a unit B member of the union, filed a grievance claiming that the city had violated article VII of the CBA in the appointment of Senesi.[3] Pursuant to the CBA, which provided for final and binding

as to each unit, the city and union are parties to respective collective bargaining agreements regulating certain terms and conditions of employment.

[2]General Laws c. 115, § 10, as amended by St. 1972, c. 122, as here relevant, states:

> "The mayors of cities and the selectmen of towns . . . shall cause to be established and maintained in their respective cities and towns a department for the purpose of furnishing such information, advice and assistance to veterans and their dependents as may be necessary to enable them to procure the benefits to which they are or may be entitled . . . . Each department so established and maintained shall be known as the department of veterans' services, and the officer in charge thereof shall be known as the director of veterans' services. Such director and any assistant or deputy director appointed under this section . . . shall be a veteran and shall be appointed in a city by the mayor, with the approval of the city council, and in a town by the selectmen."

[3]Article VII(h)(2) of the CBA provides:

> "In the case of a vacancy in any Unit A position for which no Unit A employee is selected, Unit B employees may apply and will be considered on the basis of the qualifications established for the position. In the event that any Unit B applicants and any non-Unit B applicants meet the qualification(s) established for the [Unit A] position, and their respective qualification(s) are substantially equal, the [Unit A] position will be filled by the senior Unit B Employee among such applicants."

arbitration of disputes arising under the CBA, the grievance proceeded to arbitration.

After a hearing, the arbitrator determined that Nelson possessed qualifications "at least substantially equal" to Senesi, a candidate not covered by the CBA or a union member, and directed the city to appoint Nelson to the position of veterans' services director. The city does not dispute the arbitrator's findings or conclusions respecting the qualifications of Senesi or Nelson.[4]

The city filed an action in the Superior Court seeking to vacate the arbitrator's award, pursuant to G. L. c. 150C, § 11(*a*)(3). The union counterclaimed for confirmation of the award, pursuant to G. L. c. 150C, §§ 10 and 11(*d*). Based on the pleadings, a judge entered judgment affirming the arbitrator's award.

*Discussion.* Judicial review of matters submitted to arbitration is limited fundamentally to a determination of whether the arbitrator exceeded his authority. See *Plymouth-Carver Regional Sch. Dist.* v. *J. Farmer & Co.*, 407 Mass. 1006, 1007 (1990), and cases cited. The city argues that the judge erred in affirming the arbitrator's award because the arbitrator exceeded his authority by ruling contrary to what the city claims is the intent of G. L. c. 115, § 10, to keep the appointment of a veterans' services director within the exclusive authority of the mayor and outside the collective bargaining process.

The judge concluded that the arbitrator did not exceed his authority, reasoning that whether the mayor can appoint a veterans' services director is not an issue for the CBA or arbitration, however, the procedures to be followed in making that appointment could be, and were, within the CBA and thereby open to arbitration.

---

[4]The arbitrator's award states:

"1. The City of Somerville violated the Parties' Unit B Collective Bargaining Agreement by failing to appoint the Grievant, Paul Nelson, to the position of Veterans' Services Director in or about January 2004.

"2. The City is directed to appoint Paul Nelson to the position of Veterans' Services Director forthwith and retroactive to that date when the position was filled.

"3. The City is directed to make Mr. Nelson whole for all lost wages and benefits. The make whole remedy shall include interest compounded quarterly at 12% on all amounts owed."

We must determine whether the mayor's appointment authority under G. L. c. 115, § 10, is in conflict with the CBA. Such a determination ultimately is for the courts. *Fall River* v. *AFSCME Council 93, Local 3177, AFL-CIO,* 61 Mass. App. Ct. 404, 406 (2004). There are no relevant appellate decisions interpreting G. L. c. 115, § 10, and it is not among the statutes listed in G. L. c. 150E, § 7(*d*), which provides that where an enumerated statute conflicts with a collective bargaining agreement, the terms of the collective bargaining agreement shall prevail.

"Despite earlier intimations that the absence of a statute from the list of laws enumerated in G. L. c. 150E, § 7(*d*), revealed the intention of the Legislature that a collective bargaining agreement must yield to that statute, see *School Comm. of Danvers* v. *Tyman,* 372 Mass. 106, 109 (1977), more recent decisions of the Supreme Judicial Court and this court have focused on the question whether there exists a material conflict between the agreement and the unenumerated statute. In the absence of a material conflict with a statute not enumerated in § 7(*d*), the agreement may be enforced." *Leominster* v. *International Bhd. of Police Officers, Local 338,* 33 Mass. App. Ct. 121, 124-125 (1992).

There long has been a "[r]ecognition in the public sector of areas of management prerogative reserved from the collective bargaining process." *Lynn* v. *Labor Relations Commn.,* 43 Mass. App. Ct. 172, 175 (1997). While uncertainties about mandated bargaining subjects in G. L. c. 150E (the public employee collective bargaining statute) are "inevitable . . . , the framework for analysis has emerged with workable clarity over time. The reported decisions seem to cluster broadly into three categories, depending on the type of authorizing statute or other law under which the public manager purports to act. We differentiate three categories: (1) specific authorizing laws and regulations that are listed in G. L. c. 150E, § 7(*d*), including all 'municipal personnel ordinances[s], by-law[s], rule[s] or regulation[s]'; (2) general authorizing statutes; and (3) specific authorizing statutes not included in § 7(*d*)." *Id.* at 177.

1. *Specific authorizing laws and regulations listed in G. L. c. 150E, § 7(d).* The city does not rely on any municipal authority in support of its claim that the appointment of a veterans' services director is not subject to arbitration. No argument is

made that any ordinance, regulation, or policy prohibited the application of the CBA to this position. Contrast *Somerville* v. *Labor Relations Commn.*, 53 Mass. App. Ct. 410, 411-412 (2001) (where determination of whether collective bargaining rights were applicable to certain employees depended on statutes and provisions of city code).

2. *General authorizing statutes.* "[W]hile an underlying decision may be reserved to the exclusive prerogative of the public employer . . . , the public employer may be required to arbitrate with respect to ancillary matters, such as procedures that the employer has agreed to follow prior to making the decision." *Lynn* v. *Labor Relations Commn.*, 43 Mass. App. Ct. at 179. Beyond the requirement that the veterans' services director be a veteran and be appointed by the mayor, G. L. c. 115, § 10, is silent on the process of selecting a veterans' services director. In addition, the city concedes that the position is a union position within unit A, and that no language in the CBA excludes the position from being covered by the CBA. There is no reason apparent on the record that the terms of the CBA should not be applied to the selection process.

The grievance filed by the union concerned the application of article VII(h)2 of the CBA. That provision requires that, under certain limited circumstances, a preference be given to a qualified, senior union member. See note 3, *supra.* There is no reason the mayor should not be required to follow the procedures negotiated in the CBA. Following such procedures in no way surrenders the mayor's authority to appoint the veterans' services director. Compare *School Comm. of Danvers* v. *Tyman,* 372 Mass. at 113 (no reason why school committee may not bind itself to follow certain procedures precedent to making tenure decisions); *Chief Justice for Admin. & Mgmt. of the Trial Ct.* v. *Office & Professional Employees Intl. Union, Local 6, AFL-CIO*, 441 Mass. 620, 628-629 (2004) (no reason why chief justice may not bind himself to follow certain procedures precedent to making decisions under statutory authority to transfer employees).

3. *Specific authorizing statutes not included in G. L. c. 150E, § 7(d).* The city mistakenly asserts that as provided by G. L. c. 115, § 10, the mayor's authority for the specific, narrow

function of the appointment of a veterans' services director would be compromised by collective bargaining or arbitration. We consider whether this is a case in which the "governmental employer acts not under a statute or law listed in [G. L. c. 150E,] § 7(d)[,] or under general management powers but instead under the authority of a statute or law authorizing the employer to perform a specific, narrow function or, alternatively, acts with reference to a statute specific in purpose that would be undermined if the employer's freedom of action were compromised by the collective bargaining process or by arbitration." *Lynn* v. *Labor Relations Commn.*, 43 Mass. App. Ct. at 180.

Unlike the statutes reviewed in the cases cited in *Lynn* v. *Labor Relations Commn.*, G. L. c. 115, § 10, states only a bare authority to appoint and does not explicitly authorize the mayor to act in areas not subject to collective bargaining or arbitration. See *id.* at 181. That bare authority to appoint cannot be read to prohibit or limit collective bargaining with respect to the selection process. Cf. *Massachusetts Bay Transp. Authy.* v. *Local 589, Amalgamated Transit Union*, 406 Mass. 36, 40 (1989) (employer prohibited by G. L. c. 161A, § 19, from collective bargaining or entering into any collective bargaining agreements regarding matters of "inherent management right").

For these reasons, the terms of the CBA are applicable to the selection of the veterans' services director, and that selection process is subject to arbitration. There is no indication that the arbitrator exceeded his authority. See *School Dist. of Beverly* v. *Geller*, 435 Mass. 223, 229 (2001) ("arbitrator exceeds his authority if he ignores the plain language of the [collective bargaining agreement]").

*Judgment affirmed.*